[Civ. No. 3840. First Appellate District, Division Two.—May 13, 1921.]

## FAUSTINO ARRELANO, Respondent, v. WILLIAM JORGENSEN, a Minor, et al., Appellants.

[1] NEGLIGENCE—OPERATION OF AUTOMOBILE WITHOUT LICENSE—LIABILITY OF PARENTS OF MINOR.—The parents of a minor cannot be held liable for personal injuries received and damages to property sustained by reason of a collision of an automobile owned by such minor and negligently operated by him, from the mere fact that they knowingly permitted him to operate the machine without the license required by the Motor Vehicle Act of 1917, in the absence of any evidence causally connecting the absence of the license with the injuries.

[2] ID.—CONTRIBUTORY NEGLIGENCE—FINDING.—A finding in an action for negligence that the plaintiff was in the exercise of "due care and circumspection" is a sufficient finding that he was not guilty of contributory negligence.

[3] APPEAL—OMITTED FINDING—WHEN NOT PREJUDICIAL.—A judgment will not be reversed for failure to find upon an issue, if the omitted finding would have been adverse to the appellant.

APPEAL from a judgment of the Superior Court of Fresno County. W. B. Wallace, Judge Presiding. Reversed and affirmed.

The facts are stated in the opinion of the court.

W. D. Crichton for Appellants.

F. L. Simons for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for $537 for personal in-

juries to the plaintiff and damages to his property caused by a collision between a horse and wagon owned and driven by the plaintiff and an automobile owned and driven by the defendant William Jorgensen. Defendants Carl and Maria Jorgensen are the father and mother, respectively, of William Jorgensen. William Jorgensen was about eighteen years old at the time of the accident and had been working for several years and supporting himself, although living at the home of his parents. He owned and drove the automobile which collided with plaintiff. The accident occurred the latter part of January, 1920. William Jorgensen had had an operator's license issued to him for the year 1919, but had neglected to make application therefor in 1920. He was, therefore, without an operator's license at the time of the happening of the accident.

The theory of the judgment against the parents is that they are liable for permitting the boy to operate the automobile without an operator's license, he being a minor and under their direction and control. The parents denied that the boy was subject to their control, or that they had ability to prevent him from operating the machine without a license, and alleged that the son was operating the machine on his own responsibility, as his own property, in and about his employment, and otherwise, without their knowledge or consent. Upon this question the court found that "the parents of said minor had the custody and control of said minor; that they knew that he was operating said automobile without an operator's license, and that they failed to join with him in making an application for said license to the motor vehicle department of the state of California; that he was residing with them, and that they failed and neglected, notwithstanding their ability to do so, to prevent him from operating said automobile without having obtained the license therefor, and that they negligently consented to and negligently permitted the said minor to operate said automobile without having obtained said license."

The Motor Vehicle Act (Act 2331b, Stats. 1917, p. 408), section 18, provides that it shall be unlawful for any person to cause or knowingly to permit his or her child to operate or drive a motor vehicle upon the public highway without having first obtained an operator's license. It is upon the theory that the parents were negligent because

of the violation of this provision of the ordinance that the plaintiff relies. But it is well settled that the act or omission constituting the violation of law must have contributed directly to the injury, or, however improper or illegal it may have been in the abstract, no action for damages can be founded upon it. (*Williams* v. *Southern Pac. Co.,* 173 Cal. 540, [160 Pac. 660]; *Driscoll* v. *Market Street Cable Ry. Co.,* 97 Cal. 565, [33 Am. St. Rep. 203, 32 Pac. 591]; *McKune* v. *Santa Clara M. & L. Co.,* 110 Cal. 486, [42 Pac. 980]; *Fenn* v. *Clark,* 11 Cal. App. 81, [103 Pac. 944]; *Stein* v. *United Railroads,* 158 Cal. 368, [113 Pac. 663]; *Berges* v. *Guthrie,* 51 Cal. App. 547, [197 Pac. 356].)

[1] There is no evidence in the record to create a causal connection between the fact of the absence of the license and the injuries sustained by plaintiff. By no stretch of the imagination could it be said that the plaintiff would have been saved these injuries had the operator of the automobile renewed his operator's license for the year 1920. Therefore, even if it be conceded that the parents had the full control of the son and consented to his operation of the machine without an operator's license, this violation of law on their part had nothing whatever to do with the injuries for which the plaintiff seeks to recover. As was said in *Shimoda* v. *Bundy,* 24 Cal. App. 675, [142 Pac. 109]: "One who violates an ordinance wherein a penalty is fixed for noncompliance with its provisions may be subjected to the penalties therein prescribed, but he cannot, in addition thereto, be deprived of his civil right to recover damages, perhaps in many thousands of dollars, sustained by reason of the negligence or wrong of another, when such violation bore no relation to the injury and did not contribute in the remotest degree thereto."

This conclusion is decisive, of course, of the appeal of the defendants Carl and Maria Jorgensen, as there is no pretense that they are liable to the plaintiff upon any other theory than the one just discussed.

As to the defendant William Jorgensen, we find no merit in the appeal. It is urged in this behalf that the evidence shows the plaintiff to be guilty of contributory negligence. The court found that the plaintiff was in the exercise of "due care and circumspection," and that the defendant William Jorgensen was operating his automobile carelessly

and negligently. These findings are, in our opinion, sustained by the evidence, for the two men on the wagon testified that when they reached the intersection of the two streets, the automobile of the defendant William Jorgensen was a block away, and that the plaintiff hurried to cross. Under such circumstances, clearly, the plaintiff had the right of way, being at the intersection at a time when the defendant was a block away. The approximate speed of the defendant's car is deducible from the testimony because the automobile crashed into the plaintiff's wagon before it had crossed the street, striking it at about the front wheel, according to the testimony of the men in the wagon. Any conflict upon this point raised by the testimony of the defendant William Jorgensen does not concern us here, as we are bound by the findings where there is evidence in the record to support them.

[2] Appellant objects that there is no finding upon the question of contributory negligence. The finding that the plaintiff was using due care and circumspection is, we think, sufficient. From that it would follow that he was not guilty of contributory negligence. [3] A judgment will not be reversed for failure to find upon an issue, if the finding omitted would have been adverse to the appellant. (*Cross* v. *Thiele,* 51 Cal. App. 780, [197 Pac. 974].)

The judgment is reversed as to defendants Carl Jorgensen and Maria Jorgensen, and affirmed as to the defendant William Jorgensen.

Sturtevant, J., and Nourse, J., concurred.