[S. F. No. 11069. In Bank.—September 28, 1925.]

## ELLA M. PERRY et al., Respondents, v. LOUISE SIMEONE et al., Appellants.

[1] NEGLIGENCE—COMPETENCE OF MINOR DAUGHTER TO OPERATE AUTOMOBILE—JUDICIAL NOTICE.—From a standpoint of "judicial notice," the claimed incompetence of the daughter of the owners of an automobile (solely because said daughter is but fifteen years of age) to drive said automobile cannot be said to have indisputable existence as a matter of common knowledge.

[2] ID.—OPERATION OF AUTOMOBILE BY MINOR DAUGHTER—LIABILITY OF PARENTS—KNOWLEDGE OF INCOMPETENCE.—The parents of a fifteen year old girl cannot be held liable for damage arising by

2. Liability where automobile is being used by member of owner's family, notes, 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365; L. R. A. 1918F, 297; 5 A. L. R. 222; 10 A. L. R. 1450; 14 A. L. R. 1088; 19 A. L. R. 387; 20 A. L. R. 1469; 23 A. L. R. 620. See, also, 3 Cal. Jur. 860; 2 R. C. L. 1199.

reason of the negligence of said girl in the operation, without an operator's license, of an automobile belonging to the parents, where there is no claim that the relationship of agency existed between the parents and the daughter in the operation of the automobile at the time the accident occurred, and there is nothing to show that either of the parents ever had any knowledge of any carelessness or incompetence on the part of the daughter, but, to the contrary, it is shown that, from their personal observation, the daughter, when permitted by the parents to drive the automobile, had always done so in a prudent manner.

(1) 23 *C. J.*, p. 150, n. 40 New. 　(2) 29 *Cyc.*, p. 1665, n. 5.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. B. Brown, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Leland H. Walker and O. H. Speciale for Appellants.

Clark, Nichols & Eltse for Respondents.

HOUSER, J., *pro tem.*—The controversy involved in this appeal arose out of a collision between two automobiles, one of which was driven by plaintiffs' decedent and the other by defendant Louise Simeone, and which collision resulted in the death of plaintiffs' decedent, and on account of which death judgment was rendered against all the defendants in the sum of fifteen thousand dollars.

Defendant Louise Simeone is the daughter of the other defendants. At the time the accident occurred the daughter was of the age of fifteen years. She was not accompanied by either of her parents—the evidence being that they were absent from their home and knew nothing of the accident until after its occurrence. Nor had they or either of them given express consent to their daughter to operate the automobile, which was the property of the father, L. Simeone. However, the evidence was sufficient to justify the inference that the daughter had at least passive permission to use the automobile.

The fact of the negligent operation of the automobile by the daughter at the time the accident occurred, and the further fact that such negligence was the proximate cause of the injury which resulted in the death of plaintiffs' decedent, are admitted by the appellants. While there was some evi-

dence to the effect that on two or three occasions the daughter had been known to drive the automobile in a presumably careless manner, there was nothing to show that either of the parents ever had any knowledge of such alleged or any carelessness on the part of the daughter, but, to the contrary, that from their personal observation the daughter, when permitted by the parents to drive the automobile, had always done so in a prudent manner.

There is no claim on the part of respondents that the relationship of agency existed between the parents and daughter in the matter of the operation of the automobile at the time the accident occurred. The lack of knowledge on the part of the parents of any actual incompetency of the daughter to drive the automobile by reason of her careless operation thereof being shown, the principal question, and in fact the turning point involved in the appeal, is whether or not the parents of a fifteen year old daughter, who permit such daughter to operate an automobile, are liable for any damages caused by the negligent operation of the automobile by the daughter.

[1] The effect of respondents' contention in this regard is that the court should take judicial notice of the fact that a girl of fifteen years of age cannot possibly be competent to operate an automobile. By way of authority on the subject, the nearest approach thereto which has come to the attention of the court is an opinion of the Texas court of appeals (*Allen* v. *Bland* (Tex. Civ. App), 168 S. W. 35), wherein that court held that a father must be held to have known that a boy of the age of eleven years, weighing eighty-five pounds, when entrusted with an unusually heavy and high-powered automobile, driving the same alone upon the public streets, would be "inclined to be venturesome" and "that danger necessarily attended his use of the car under such conditions." There was in that case, however, direct evidence of the boy's incompetence or recklessness, and the Texas court concluded that "very little evidence along this line was necessary to sustain plaintiff's case."

It is urged by respondents that because the state has seen fit to make a girl a minor until she reaches the age of eighteen years, it should follow that she being in law rendered incapable of governing herself until she become of that age, by the same token she is also unfit to operate an

automobile up to that time. Following the same reasoning, a young man would not be legally qualified to drive an automobile until he reached the age of twenty-one years. If legislative enactments are to be looked to as evidence of the common knowledge, the provision in section 63 of the California Vehicle Act of 1923 (Stats. 1923, pp. 517, 532), prescribing the minimum age limit for operators and chauffers and providing that "an operator's license shall not be issued to any person under the age of fourteen years . . . " must be regarded as a declaration that persons of the age of fifteen years may be competent to operate motor vehicles.

While in matters requiring deliberation in thought it may not be seriously questioned that persons of mature age may be better qualified to pass judgment than those who have not reached their majority, it may not be so clear that on occasions demanding quick decision and rapid action the younger person does not excel the latter and have a distinct advantage in that respect. Skillful driving of an automobile approaches an art. It may be acquired by some persons who are particularly adapted to it within a comparatively short time, and by others, of whatever age or intelligence, apparently without reference to the earnestness or the attention or the time devoted thereto, it is an impossibility. A person habitually careless, or one of a preoccupied disposition, is unlikely to become careful or attentive when placed in charge as a driver of an automobile. The slightest inattention at a critical moment is apt to result in disaster. While, after long practice, the driving of an automobile may become more or less mechanical, nevertheless, alertness is imperatively demanded in order that danger may be timely noticed and threatened injury may be avoided. Accidents usually happen in the "twinkling of an eye." In an emergency a quick mind and co-ordinating suppleness of muscle are more valuable as a preventive of injury than a deliberate brain and an enfeebled body. The former characteristics belong especially to youth. Generally speaking, a girl of fifteen years, while perhaps not possessing them in their fullness and perfection, is at least quite as likely to be endowed therewith as the average individual of mature or of middle age. So that from a standpoint of "judicial notice," as contended by respondents, the claimed incompetency of the daughter of the elder defendants (solely because of the age of the daugh-

ter) to drive an automobile cannot be said to have indisputable existence as a matter of common knowledge.

[2] Nor does the law comport with the claimed liability of the parents. It has long been considered as a settled general principle that the parent is not liable for the torts of his minor child. It is only by direct statutory provision that the rule is relaxed or modified. An example thereof may be found in section 24 of the Motor Vehicle Act (Stats. 1915, pp. 397, 411, as amended by Stats. 1919, pp. 191, 223), where it is provided: " . . . that it shall be unlawful for any person to cause or knowingly permit his or her child, ward or employee to operate or drive a motor vehicle upon the public highway as a chauffeur or operator without having first obtained such license as is hereinbefore specified; provided, that the application to the department of a minor to operate or drive a motor vehicle as chauffeur or operator, shall not be granted by the department unless the parent or parents having the custody of such applicant or the guardian of such applicant shall have joined in said application by signing the same; and provided, further, that any negligence of a minor, so licensed, in operating or driving a motor vehicle upon the public highway, whether as chauffeur or operator, shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence."

In the case of *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42], relied upon by respondents to establish the liability of the parents of the minor daughter herein, an uncle of the minor had signed the minor's application for a license to operate an automobile. Under the provisions of the statute, one who stood *"in loco parentis"* to a minor and who signed the application as "father" was held liable for the negligent operation by the minor of the automobile. And in *Rocca* v. *Steinmetz*, 61 Cal. App. 102 [214 Pac. 257], the ruling is that (syllabus): "An owner of an automobile who permits his son to use it with knowledge that his son is a careless and reckless driver is guilty of negligence and liable for damage caused by the son in the operation of the machine."

Those cases, however, are distinguishable from the instant case. The former case depended upon the application of a

statute which expressly deviated from the general rule as to the nonliability of the parent and made the parent liable if he had signed the minor's application for a license to operate an automobile. No such fact is connected with the instant case. The minor daughter was not driving the automobile as a licensed operator, but was driving it in defiance of the terms of the statute; and hence came under the conditions of the general rule affecting the nonliability of parents for the torts of their children. In the latter case the parent, with full knowledge on his part of the fact that the son was a careless and reckless driver, permitted him to use the automobile. In the case at bar the parents had no knowledge of the fact (assuming it to be true) that the daughter was or ever had been careless in the operation of the automobile. Indeed, as heretofore stated, their only knowledge and observation of the daughter's habits in that regard were that the daughter drove the car in a prudent and careful manner.

In the case first cited (*Buelke* v. *Lavenstadt*, 190 Cal. 684, 689 [214 Pac. 42, 44]), in speaking of the possible liability of a parent for the negligent operation by his minor child of an automobile, the court said: "In the case of an injury by an automobile, the liability rests not alone upon the fact of ownership, but upon the combined negligence of the driver in the operation of the automobile, and of the owner in entrusting the machine to an incompetent driver. (Berry on Automobiles, 2d ed., sec. 603; *Parker* v. *Wilson*, 179 Ala. 361, 371 [43 L. R. A. (N. S.) 87, 60 South 150].)"

And in the second case the matter is thus presented by the court: "It is the claim of respondent that no such liability [of the parent] is shown and he thinks the situation is covered by this question: 'May a father, who owns an automobile, be held liable in an action for damage resulting from personal injuries simply and solely because he loaned his automobile to an adult son, who took the same for a pleasure ride, there being no business relation between father and son, in connection with the ride that resulted disastrously?'

"He answers the question in the negative, and in support thereof he cites *Spence* v. *Fisher*, 184 Cal. 209 [14 A. L. R. 1083, 193 Pac. 255]. If the case were as thus presented by respondent, we should be compelled to agree with him in his conclusion."

Within very recent years it has been held by this court that where no question of agency was involved a father who was the owner of an automobile, but who was not personally negligent in the matter of its use by his adult daughter, could not be held liable for damages sustained by third persons by reason of the negligent operation of the automobile by the daughter, even though the automobile was maintained by the father for the general convenience, use, and pleasure of the members of his family and was operated by such persons with the father's consent. (*Spence* v. *Fisher*, 184 Cal. 209 [14 A. L. R. 1083, 193 Pac. 255].) To the same effect is *Idemoto* v. *Scheidecker*, 193 Cal. 653 [226 Pac. 922]; see, also, *Hill* v. *Jacquemart*, 55 Cal. App. 498 [203 Pac. 1021]; *Sanfilippi* v. *Lesser*, 59 Cal. App. 86 [210 Pac. 44]; *Grillich* v. *Weinshenk*, 64 Cal. App. 474 [222 Pac. 160]. Another case which also has direct application to the facts herein is *Arrelano* v. *Jorgensen*, 52 Cal. App. 622 [199 Pac. 855], where, as here, the parents permitted their minor son to operate an automobile without his first having procured an operator's license so to do. It was there contended that violation by the parents of the law heretofore quoted requiring them to obtain a license for the minor to drive the automobile should not operate as a release from liability. The court said that it was well settled that the act or omission constituting the violation of law must have contributed directly to the injury, or, however improper or illegal it may have been in the abstract, no action for damages could be founded upon it. And the ruling of the court, as summed up in the syllabus, was:

"The parents of a minor child cannot be held liable for personal injuries received and damages to property sustained by reason of a collision of an automobile owned by such minor and negligently operated by him, from the mere fact that they knowingly permitted him to operate the machine without the license required by the Motor Vehicle Act of 1917 (Stats. 1917, p. 382), in the absence of any evidence causally connecting the absence of the license with the injuries."

For the foregoing reasons, and because of the authorities cited herein, it follows that so far as defendants L. Simeone and Rosalie Simeone, the parents of Louise Simeone, are con-

cerned, the judgment should be reversed. Otherwise, and so far as concerns the defendant Louise Simeone, the judgment should be affirmed. It is so ordered.

Waste, J., Lennon, J., Lawlor, Acting C. J., Seawell, J., Richards, J., and Shenk, J., concurred.