[L. A. No. 8773. Department Two.—December 12, 1927.]

NELLIE A. LANE, Appellant, v. GERALD BING et al., Respondents.

[1] NEGLIGENCE—PERSONAL INJURIES—AGENCY—ACT OUTSIDE SCOPE OF EMPLOYMENT. — Where an employer engaged an expert accountant to come to his home occasionally in order to teach and assist his stepdaughter in keeping his books of account, and on one of the occasions the stepdaughter volunteered after her working hours to take the accountant to the train by automobile, during which he received personal injuries in a collision with another automobile, the employer was not liable for damages for the injuries, as they occurred outside the course of employment of the stepdaughter.

[2] ID.—LIABILITY OF EMPLOYER—ESSENTIALS OF.—To recover against an employer upon the theory of *respondeat superior,* it is necessary for the plaintiff to establish the two distinct facts of (1) the status of master and servant and (2) that the act was done within the scope of the servant's employment.

(1) 42 **C. J.,** p. 1107, n. 41.    (2) 39 **C. J.,** p. 1268, n. 45, p. 1280, n. 49.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

1. See 3 Cal. Jur. 856, 857.

2. Liability of master for act of servant not in course of his employment, note, 29 **Am. Rep.** 640. Liability of master for injuries to third person by acts of servant outside of scope of employment, notes, 54 Am. Rep. 71; 133 **Am. St. Rep.** 869. See, also, 16 Cal. Jur. 1104; 18 **R. C. L.** 786.

The facts are stated in the opinion of the court.

Underwood, Burke & Cree for Appellant.

J. S. Garnett and Joe Crider, Jr., for Respondent J. F. West.

RICHARDS, J.—This is an appeal from a judgment of nonsuit made and entered in favor of the defendant, J. F. West after the court had granted the said defendant's motion for a nonsuit at the close of the plaintiff's case in an action for damages brought by the plaintiff against said defendant West and certain other defendants for the recovery of damages alleged to have been sustained as the result of an automobile collision between two automobiles upon the streets of Long Beach upon the evening of May 3, 1924, one of said automobiles at the time of the collision being driven by the defendant Mrs. Dessie Stapp, a stepdaughter of the defendant West, who was not present at the time of the collision. The motion for nonsuit was based upon two grounds: first, that the plaintiff's evidence was insufficient to show that the defendant West was the owner of the automobile which his stepdaughter was driving at the time of the collision; second, that the evidence was insufficient to establish any liability on the part of the defendant West for the injuries sustained arising out of said collision by showing that the said automobile was being used by said defendant's stepdaughter within the scope of any agency or employment of his stepdaughter by defendant West, or in the course of his business. The only evidence which the plaintiff produced at the trial for the purpose of fixing responsibility upon the defendant West was that of said defendant himself, and which was elicited from him in the course of presenting the plaintiff's case through his examination as a witness under the provisions of section 2055 of the Code of Civil Procedure. For the purposes of this decision it may be conceded that there was sufficient evidence thus elicited to justify a jury in determining that the automobile involved in the accident and driven by Mrs. Dessie Stapp was the property of the defendant West, although the title thereto seems to have stood in the name of his stepdaughter at the time of the accident complained of. [1] If this be conceded it follows

that the only remaining question in the case is as to whether
the plaintiff elicited from defendant West upon his examina-
tion sufficient evidence to justify the trial court in per-
mitting the case to go to the jury upon the theory that the
defendant's stepdaughter at the time of the collision was so
far the agent of said defendant, or engaged in doing any
business for him, as to render said defendant liable for the in-
juries caused by said collision. Upon this branch of the
case the undisputed evidence shows that prior to and at the
time of the accident the defendant West was engaged in con-
ducting a transfer business under the name and style of
"West Transfer Company," the office of said business being
at his home; that his stepdaughter, Mrs. Dessie Stapp, was em-
ployed by him and in the course of said business as his book-
keeper, the hours of her employment being between 7 o'clock
in the morning until 4 o'clock in the afternoon; that in order
to increase her efficiency as a bookkeeper the defendant West
had arranged for another and more expert accountant to
come to his home occasionally in order to teach and assist
his stepdaughter in keeping his books. This service, while
paid for by him, was rendered to her after the hours of her
employment, the said accountant coming from his home some
distance away and arriving by train or bus at a point several
blocks from defendant West's residence, the defendant being
under no compulsion to provide said accountant with the
means of getting to or returning from the place of giving
such instruction. Upon the evening in question the said
accountant arrived at the home of defendant West after
the hours of duty of his stepdaughter were over and found
that the latter was dressed to go to a party and hence that
his services upon that evening would not be required. The
stepdaughter, however, upon her own initiative and without
any direction from West offered to drive said accountant
back to the station from which he would go by train or bus
to his home, and presently undertook to do so, using the
said automobile. She delivered the accountant at his station
and was going on to her destination when the collision oc-
curred, as the result of which the plaintiff's injuries arose.
The only other evidence in the case upon which the plaintiff
could predicate a claim of liability on the part of the de-
fendant West for her injuries arising out of said collision
was the fact that after the accident the defendant West had

gone with his stepdaughter to the hospital to which the plaintiff had been taken and had there expressed his sympathy for the plaintiff and had assured her that the insurance company would reimburse her for the expenses incurred in consequence of her said injuries. The foregoing was the state of the evidence at the time the plaintiff closed her case and defendant's motion for nonsuit was made and granted. It would seem to be clear that upon this state of the evidence the order of the trial court in granting such motion for nonsuit was properly made, since the undisputed evidence thus elicited showed that the defendant's stepdaughter in undertaking to drive the said accountant to the train or bus on his way to his home was performing a volunteered function entirely outside the scope of her employment, and for the consequences of which the defendant West was in nowise responsible. The case of *Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738 [179 Pac. 697], would seem to be entirely in point as to the similarity of its facts and also as to the comment which this court made upon it in denying a petition for a hearing herein. Construing in its most favorable light the evidence elicited by the plaintiff from the defendant West it amounts to no more than a showing that the stepdaughter of said defendant in using the automobile, whether her own or the property of said defendant, to drive said accountant to the train or bus station on her way to her destination at the party or dance which she was to attend was simply doing a favor to the accountant after her regular hours of employment, and which was in no way so connected therewith as to render the defendant West responsible for anything which might happen in the course of her voluntary engagement. The latest decision of this court touching this subject is that of *Kish* v. *California State Automobile Assn.*, 190 Cal. 246 [212 Pac. 27], the following language of which aptly covers the present case: **[2]** "But to recover against an employer upon the theory of *respondeat superior*, it is necessary for the plaintiff to establish the two distinct facts of (1) the status of master and servant and (2) that the act was done within the scope of the servant's employment. The latter is as important and vital to plaintiff's cause of action as the former. If the same testimony which proved the

relationship of master and servant proved that at the time of the act for which it is claimed the master was liable, the servant was not acting within the scope of and in the course of his employment, the *prima facie* case made by plaintiff is rebutted by the very proof offered to prove the first fact. It is not necessary, therefore, for the defendant to negate the master's liability, inasmuch as the plaintiff has done so herself. The proof at that stage lacks an essential element to support plaintiff's cause of action and an order granting a nonsuit is, therefore, proper.''

The order granting said defendant's motion for nonsuit herein was proper and the judgment based thereon is, therefore, affirmed.

Shenk, J., and Langdon, J., concurred.