[S. F. No. 11961. Department One.—January 20, 1928.]

JOAO DOS SANTOS ROCHA, Jr. (a Minor), by His Guardian ad Litem, etc., Respondent, v. WILLIS GARCIA et al., Appellants.

168

George H. Harlan for Appellants.

Edward D. Mabson for Respondent.

SEAWELL, J.—Defendants appeal from a judgment entered upon a jury verdict awarding plaintiff five hundred dollars as damages for personal injuries received when he was struck by an automobile owned by defendant

Beverly Bones and operated by defendant Willis Garcia, a minor fifteen years of age at the time of the accident and the son of the defendants Manuel Garcia and Ella Garcia.

Appellants contend that the evidence establishes, as a matter of law, an absence of negligence on the part of appellant Willis Garcia, the driver of the car, and contributory negligence of the respondent, who was five and one-half years of age at the time he received the injuries complained of. The appellants Manuel Garcia, Ella Garcia, and Beverly Bones disclaim responsibility for the injuries on grounds which will be stated hereafter.

The accident occurred on the afternoon of April 8, 1924. Appellant Willis Garcia was a student at the Mt. Tamalpais Union High School and had been participating in a parade given by the students of the school to advertise a high school circus which the student body was promoting. The automobile was a touring car model and had been decorated for the occasion. Three other students, two boys and a girl, were in the car with Willis Garcia, the two boys sitting in the front seat with him and the girl sitting in the tonneau. The cars were returning from the parade and were proceeding northerly on Caledonia Street, in the town of Sausalito, in procession, each car following closely behind the preceding vehicle. Willis turned west on Turney Street at the corner of Caledonia and Turney Streets for the purpose of letting out the high school girl, who lived on Turney Street near Caledonia, it being his intention to stop at the corner upon completing the turn. As he was turning, or immediately after he had made the turn, respondent, who with two small boys was running across the street, was struck by the automobile driven by appellant Willis Garcia and received the injuries complained of.

The complaint alleged that Willis Garcia was operating the automobile at a high and reckless speed and that after turning into Turney Street at a high and reckless speed he "carelessly and negligently permitted said automobile to strike said plaintiff." Witnesses for both respondent and appellants united in testifying that the parade line out of which Willis turned at Caledonia and Turney Streets was moving at a speed between ten and fifteen miles an hour as it approached Turney Street and Willis and the other

occupants of the car stated that he was slowing down from the speed at which he had previously been traveling to stop and let out the high school girl in the car when he struck respondent. Willis testified that he had given the signal for turning and had blown his horn. It would seem, therefore, that a lack of control of the car, due to a high rate of speed, was not the cause of the accident. Willis testified that respondent ran directly into the automobile.

The facts and circumstances surrounding the accident, as related by the witnesses who testified upon the trial, would, however, seem to justify the jury in inferring that appellant Willis Garcia was negligent in either failing to keep a proper lookout for the safety of small children who might reasonably be expected to throng the streets upon the occasion described, or that he observed respondent and the other young children and could have avoided hitting respondent had he exercised the care that he should have exercised upon the occasion. We cannot disturb the implied finding of the jury on this point. Although the only acts of negligence charged in the pleadings were that Willis Garcia was operating the automobile at a high and reckless speed, which was disproved by the evidence, and that he "carelessly and negligently permitted said automobile to strike said plaintiff," it appears that the evidence as to the acts and conduct of appellant Willis Garcia in striking respondent which would be sufficient to sustain a verdict for damages was introduced without objection on the part of appellants. This being so, the decision will not be reversed because based upon other acts of negligence than those specifically alleged in the complaint, even if it be conceded for the purposes of argument that evidence of other negligence was not admissible under the allegation that Willis Garcia "carelessly and negligently permitted said automobile to strike said plaintiff."

As to appellants' claim that recovery is barred because the evidence shows, as a matter of law, contributory negligence on the part of respondent in running into the street in the path of the automobile, if we grant for the purpose of argument that respondent's conduct did constitute negligence even in one so young, we would, nevertheless, be required to affirm the decision, for the evidence is susceptible of the inference that appellant Willis Garcia

had the "last clear chance" to prevent the accident. Where the verdict of the jury and the judgment based thereon may be sustained on any reasonable theory, it will not be disturbed by an appellate court.

We pass now to a consideration of the responsibility of the appellant Beverly Bones, the owner of the car, and appellants Manuel Garcia and Ella Garcia, parents of appellant Willis Garcia, for injuries resulting from the accident. Assuming, without deciding, that the evidence fails to establish liability on the part of Bones for all injuries caused by the negligence of Willis Garcia on the theory that he committed an act of negligence proximately contributing to the accident in entrusting his automobile to a person whom he knew to be insufficiently experienced, the testimony of said Bones as to the condition of the brakes upon his car is such as to indicate carelessness proximately contributing to the injury in permitting it to be driven by his nephew. Said witness testified that the condition of the brakes on the car was not excellent; that they were a little bit worn; that the car did not respond to the brakes rapidly, but pretty close to the measurement; that they were "good enough" and held and weren't worn down bad, but were worn down some.

Appellant Willis Garcia was driving the automobile upon the occasion without the consent or permission of his parents and in violation of their explicit command. Both parents had absolutely forbidden him to drive their car or any other car in the parade on the previous evening and both had reiterated their command on the following morning when the boy left home for school. There is no showing of any act of negligence on the part of said parents in permitting their son to drive the car upon the occasion or otherwise which would render them liable to respondent, and unless they are within the statutory provisions of the Motor Vehicle Act (Stats. 1923, p. 517, sec. 62) imposing a liability upon parents in certain cases for the negligent operation of motor vehicles by their children, the award must be annulled as to said parents. (*Perry* v. *Simeone*, 197 Cal. 132 [239 Pac. 1056]; *Arrelano* v. *Jorgensen*, 52 Cal. App. 622 [199 Pac. 855].) The pertinent provisions of the act are to the effect that an operator's license shall not be granted to a minor unless the application

therefor is signed by both the father and mother of the applicant if both father and mother are living and have custody of the applicant, and that any negligence of a minor "*so licensed*" in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor, who shall be jointly and severally liable with such minor for any damage caused by such negligence. (*Bosse* v. *Marye*, 80 Cal. App. 109 [250 Pac. 693].) Willis Garcia had made application for an operator's license before the accident occurred and his parents had signed his application, as required by statute, but the license had not been issued when the accident took place. Willis was, therefore, violating the law in driving without a license. Although his parents had done all that was required on their part to obtain a license for their son and had indicated their willingness to assume the consequences of his negligent acts by signing his application, it is only for the negligence of a minor "*so licensed*" that the parents are liable. Appellant Willis Garcia was not "so licensed" or licensed at all, and hence the provisions of the statute imposing a liability upon parents of minor licensed drivers do not apply.

We find no other reversible error in the case. The judgment appealed from is, therefore, affirmed as to appellants Willis Garcia and Beverly Bones and reversed as to appellants Manuel and Ella Garcia, parents of Willis Garcia.

Preston, J., and Curtis, J., concurred.

Hearing in Bank denied.

All the Justices concurred.