[Civ. No. 4869. Second Appellate District, Division Two.—March 29, 1928.]

FANNY FERRARI ORMSTON, Appellant, v. R. H. LANE et al., Respondents.

John C. Miles and Bertrand J. Wellman for Appellant.

Geo. W. Fenimore for Respondents.

HAZLETT, J., *pro tem.*—Plaintiff Fanny Ferrari Ormston was given judgment by the trial court against defendant T. W. Lane for $3,200 on account of personal injuries she suffered when struck by an automobile operated by him while she was walking from a sidewalk to board a

street-car, but she was denied relief against the other defendants. Plaintiff made a motion for a new trial, which was denied, and her notice of appeal herein recites that she appeals from the order denying the motion and "from the judgment . . . in favor of the plaintiff and against the defendant T. W. Lane, Jr., for the sum of $3,200.00 and from the whole of said judgment." However, in her brief on appeal appellant states that she appeals from that portion of the judgment which is in favor of respondent R. H. Lane, and from the order denying her motion for a new trial as against him.

As the order is not one from which an appeal lies, the attempted appeal from the order denying a new trial should be dismissed, but consideration will be given the appeal from that portion of the judgment which denied appellant relief against respondent R. H. Lane.

The only question for determination here is whether respondent R. H. Lane is liable for the damages suffered by appellant by reason of the negligence and carelessness of his adopted son the defendant T. W. Lane.

The uncontroverted evidence showed and the court found the following facts existing at the time of and shortly prior to the occurrence complained of: Defendant T. W. Lane was a minor of the age of eighteen years. During more than the 10 years next prior to April 5, 1922, he was the stepson of defendant R. H. Lane, and lived with and was in the custody and under the control of defendant R. H. Lane and of his wife, mother of defendant T. W. Lane. During that time he was known and treated as the son of defendant R. H. Lane, and on that date he was legally adopted as the son of defendant R. H. Lane. The relationship, custody and control existed on April 12, 1922, when plaintiff's injuries occurred. (For the purpose of brevity defendant R. H. Lane will be hereinafter referred to as "the father" or "respondent" and defendant T. W. Lane as "the son.") The father and defendant C. A. Knowles were copartners doing business under the fictitious name of Sunset Planing Mill Company. At the time of and for some time prior to the occurrence complained of the son was employed by them, and in the course of his employment the son drove a Ford roadster belonging to them. On several occasions

prior to the occurrence the father had instructed the son not to use the roadster for his own pleasure or purposes without the father's express permission, but at several prior times the son had used the roadster for his own pleasure pursuant to such permission. Defendant C. A. Knowles had warned the son never to use the roadster for his own purposes. On January 3, 1922, the son procured an operator's license from the motor vehicle department upon an application signed by his mother but which the father did not sign, and this license was in effect at the time of the occurrence complained of. Just preceding that occurrence and after his day's work was finished, the son took the roadster out and was driving it for his own pleasure without the father's knowledge or consent and contrary to his instructions, and while proceeding on a public highway the son so carelessly and negligently drove the roadster that he struck plaintiff and ran her down, causing her serious personal injuries on account of which the judgment against him was given.

Appellant contends that under the provisions of section 24 of the Vehicle Act, then in force (Stats. 1915, pp. 397, 411, as amended in 1919, Stats. 1919, pp. 191, 224), it was the duty of the father as well as the mother to have signed the application of the minor son for the operator's license permitting him to operate a motor vehicle on the public highways, the section requiring "the parent or parents having custody of such applicant" to sign the application. Also, that section 33 of the act made any violation of the act a misdemeanor, and that the father was guilty of a misdemeanor in permitting the son to so use the roadster without having first signed the son's application for the license, the act further providing, in section 24, that "any negligence of a minor, so licensed, in operating . . . a motor vehicle upon the public highway, . . . shall be imputed to the person or persons who shall have signed the application," and they "shall be jointly and severally liable with such minor for any damages caused by such negligence." Appellant further contends that, therefore, as it was the father's duty to have signed such application, he, also, shall be held to respond to plaintiff on account of her injuries even though he had not signed it.

In support of these contentions appellant cites *Whitworth* v. *Jones*, 58 Cal. App. 492 [209 Pac. 60], in which it appeared that a minor son of the defendant who was in the defendant's custody, had an operator's license, and while driving his father's automobile, injured the plaintiff, who sued the father for damages. The evidence was silent on the question whether the father had signed the application for the license as provided in the Vehicle Act. On appeal the court held that under these facts, certain presumptions may be indulged in to sustain the judgment against the father, and those were that "Necessarily, . . . he would be the proper person to have endorsed the application. . . . There are two pertinent presumptions declared to exist under section 1963 of the Code of Civil Procedure: (15) 'that official duty has been regularly performed'; (33) 'that the law has been obeyed'; and that the trial judge was warranted in assuming that the father did endorse the son's application and that the officers in charge of the motor vehicle department would not have issued the operator's license without such endorsement being supplied." Judgment against the father was affirmed.

However, in this case, the presumptions mentioned in the Whitworth case are rebutted by the proof of the fact that the father had not indorsed the son's application for the license.

Appellant argues that the father cannot take advantage of his own wrong in failing to indorse the application and permitting the son to drive the roadster without first having indorsed the application, and cites *Walsh* v. *Flatland*, 36 Cal. App. 819 [173 Pac. 596], and *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42], in support of the proposition as related to the facts in this case. Neither case is in authority here. In the Walsh case it appeared that the father had permitted his minor son, who had no license, to drive his automobile, and, while driving recklessly, the son injured the plaintiff. It was held that the father was liable for the reason that the son was "acting in furtherance of and not apart from the service and control of these defendants" and that the liability rested upon a showing of agency, which need not be a business agency. Reference was made to the Vehicle Act as amended in 1917 [Stats.

1917, p. 382]. The foregoing is taken from *Crittenden* v. *Murphy*, 36 Cal. App. 803 [173 Pac. 595] (referred to in the Walsh case). Agency is not shown in the case at bar.

In the Buelke case it appeared that the defendant signed the application of a minor to whom he stood *in loco parentis*, representing that he was the minor's father. The operator's license to the minor was issued on the application. The court held that defendant was liable for damages caused by the death of another resulting from the negligence of the minor in operating defendant's automobile, although defendant was not present and the minor was on a mission of his own. The court said that this liability was based upon the rules of negligence rather than upon the relation of parent and child, and that "the liability rests, not alone upon the fact of ownership but upon the combined negligence of the driver in the operation of the automobile and upon the owner in intrusting the machine to an incompetent driver"; and that the defendant was liable under the provisions of section 24 of the Vehicle Act. This decision was cited with approval in *Bosse* v. *Marye*, 80 Cal. App. 109 [250 Pac. 693], and *Lackey* v. *Olds and Stoller Inter-Exchange*, 80 Cal. App. 687 [252 Pac. 672].

The mere fact of parenthood does not make a parent liable for the tort of his child, even though the child be a minor and in the custody and control of the parent when the tort is committed. (*Buelke* v. *Levenstadt, supra; Spence* v. *Fisher*, 184 Cal. 209 [14 A. L. R. 1083, 193 Pac. 255]; *Perry* v. *Simeone*, 197 Cal. 132, 138 [239 Pac. 1056]; *Arrelano* v. *Jorgensen*, 52 Cal. App. 622, 623 [199 Pac. 855]; *Hudson* v. *Von Hamm*, 85 Cal. App. 323 [259 Pac. 374]; *Rocha* v. *Garcia*, 203 Cal. 167 [263 Pac. 238]; *Lane* v. *Bing*, 202 Cal. 577 [262 Pac. 317].) "It is only by direct statutory provision that the rule is relaxed or modified. An example thereof is found in section 24 of the Vehicle Act (Stats. 1915, pp. 397, 411, as amended by Stats. 1919, pp. 191, 223)." (*Perry* v. *Simeone, supra*, at p. 136. See, also, *Buelke* v. *Levenstadt, supra; Rocha* v. *Garcia, supra*, and cases cited.)

Appellant's contention that the father violated the law by failing to indorse the son's application for the license and by reason of the violation became liable for the son's

tort does not find support in the decisions of the courts. ■ Assuming that the father's failure to indorse the application was a violation of the Vehicle Act, the general rule is that the violation of law must have contributed directly to the injury, and without regard to how improper or illegal it may have been in the abstract, no action for damages can be founded upon it. (*Arrelano* v. *Jorgensen*, and *Rocha* v. *Garcia, supra.*) In the Arrelano case a minor son and his parents were sued for damages suffered by the plaintiff resulting from an automobile collision upon a public highway carelessly caused by the son, who owned an automobile and operated it in the course of his employment. He had no operator's license, having permitted his license to lapse. He was in the custody and control of his parents, and they knew he so operated the automobile and that he had no license. "By no stretch of the imagination could it be said that the plaintiff would have been saved these injuries had the operator of the automobile renewed his operator's license." The court held that the parents were not liable. (See, also, *Spence* v. *Fisher, Perry* v. *Simeone* and *Rocha* v. *Garcia, supra.*)

The statute made the parents liable only when they had indorsed the application upon which the minor child's operator's license was issued, and the child so negligently operates an automobile that he injures another person. (*Buelke* v. *Levenstadt, Lackey* v. *Olds and Stoller Inter-Exchange, Bosse* v. *Marye, Whitworth* v. *Jones* and *Rocha* v. *Garcia, supra.*)

In the Rocha case it was held that parents are not liable even though they had indorsed their minor son's application for an operator's license and, during the interim between the time of the indorsement and the issuance of the license, the son, in violation of the parent's explicit command, drove their automobile and so negligently operated it that he collided with and injured plaintiff, a pedestrian, on a public street; and that "it is only for the negligence of a minor *'so licensed'* that the parents are liable. . . . Willis Garcia [the minor] was not 'so licensed' or at all, and hence the provisions of the statute imposing a liability upon the parents of a minor driver do not apply."

■ On the other hand, when a father permits his minor child to use his automobile, knowing the minor is a careless

and reckless driver, the father is liable for injuries caused another person by the reckless operation of the automobile by the minor. (*Rocca* v. *Steinmetz,* 61 Cal. App. 102, 104 [214 Pac. 257], and cases cited.) ▮ But in the absence of any showing that the parents or either of them had signed an application to the state motor vehicle department for the issuance of an operator's license to their minor son, and in the absence of a showing that the minor was either in fact or to the parents' knowledge a careless or incompetent driver, and in the absence of any evidence that he was in any business or affair on behalf of the parents, they cannot be held for damages resulting from the carelessness or incompetence of the minor. (*Lane* v. *Bing, supra.*)

▮ Where a father keeps an automobile for the convenience and use of his family, and members of the family drive it solely for their own convenience or pleasure or on their own missions, and the father has no direction or control in those particular uses, he is not liable for torts committed by them in operating the automobile. (*Spence* v. *Fisher* and *Perry* v. *Simeone, supra; Sanfilippo* v. *Lesser,* 59 Cal. App. 86, 88 [210 Pac. 44].)

It clearly appears in this case that the father—whether standing *in loco parentis* or as father by adoption of the son —did not indorse the son's application for the operator's license held by the son, that when plaintiff was injured the son was driving the roadster in direct violation of the father's command, and that the relation of agency did not exist on the part of the son. For those reasons the father is not liable to plaintiff.

The judgment is affirmed. Appeal from order denying new trial is dismissed.

Works, P. J., and Craig, J., concurred.