[Civ. No. 6288. First Appellate District, Division One.—September 24, 1928.]

K. E. LUNDQUIST et al., Appellants, v. MRS. W. N. LUNDSTROM, Respondent.

Culver & Nourse for Appellants.

Robert Young for Respondent.

BEAUMONT, J., *pro tem.*—This is an appeal from a judgment of nonsuit. The action was for damages resulting from the alleged negligent operation by defendants of an automobile in the city of Los Angeles on May 14, 1925. There are four defendants: (1) Marcus Lundstrom, a minor; (2) his mother, Mrs W. N. Lundstrom, who signed his application for a driver's license; (3) Gilbert Talbot, a minor, and (4) his mother, Alma Talbot, who signed her son's application for an operator's license. Marcus Lundstrom owned the automobile, but at the time of injury to plaintiff Mrs. Lundquist, defendant Gilbert Talbot was driving. This was with the consent of the owner, who was seated in the machine. As the automobile approached a street intersection, Mrs. Lundquist and her daughter were attempting to cross the street in the course of the approaching machine. They were coming toward the path of the automobile from the right. The driver, Talbot, according to his own statement, did not see them. The daughter, observing the approaching machine, returned to a place of safety on the curb. Marcus Lundstrom, observing Mrs. Lundquist in a position of danger, shouted, "Look out, there is a lady!" Talbot, the driver, thinking she was coming from the left, turned the machine to the right and struck the plaintiff, Mrs. Lundquist. Each of the above-mentioned minors held a state operator's license. Upon the resting of plaintiff's case, motion for nonsuit was made on behalf of Mrs. Lundstrom, on the ground that, as she had been made a defendant solely because she had made application for a driver's license for her son, and the evidence showed conclusively that her son was not driving the automobile at the time the injury occurred, no liability attached to her. The motion was granted. A verdict was rendered for

plaintiff against all defendants except Mrs. Lundstrom, in whose favor a judgment of nonsuit was entered.

In *Bosse* v. *Marye*, 80 Cal. App. 109 [250 Pac. 693], Claudine Spreckels, a minor, had been issued, upon the written request of her father, a license to operate a motor vehicle. She invited Helen Marye, also a minor, to drive her automobile. While Miss Marye, who did not hold an operator's license, was driving, the machine collided with and injured Louis Bosse, the plaintiff. In an action for damages, plaintiff alleged negligent operation of said automobile. A verdict was rendered against said Rudolph Spreckels. The court made a distinction upon appeal by Spreckels between "operating" and "driving" an automobile, saying: "The liability of a parent, under the statute is not limited, however, to negligent acts of the minor resulting from 'driving' an automobile, the statute employing the broader term, 'operating or driving,' showing a clear intention to include within such liability any negligent act which is the direct result of the privilege extended by the statute to said minor under his or her operator's license *to operate* an automobile on the public highway. (Italics ours.) 'To drive' is defined as meaning, 'to impel the motion and quicken'; whereas 'to operate' means, 'to direct or superintend.' Century Dictionary."

The liability of the parent in *Bosse* v. *Marye* was determined upon construction of the Statutes of 1919. (Sec. 14, am. sec. 24, pp. 223, 224, 225.) The Motor Vehicle Act then provided that "any negligence of a minor, so licensed, in operating or driving a motor vehicle upon the public highway, whether a chauffeur or operator, shall be imputed to the person or persons who shall have signed the application of such minor for such license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence." The Motor Vehicle Act of 1923, upon which the claim of liability of the parent in the present case is based, has been materially changed from that of 1919. The 1923 act (Stats. 1923, p. 531, sec. 58) declares that it shall be unlawful for any person to drive any motor vehicle upon any public highway unless licensed or exempt under the act. Section 62 (a) provides for the granting of the application. Section 62 (b) of the same act is as follows: "Any negligence of a minor

so licensed in *driving* (italics ours) a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence.''

■ A change of legislative purpose is to be presumed from a material change in the wording of a statute. (*McCarthy* v. *Board of Fire Commissioners*, 37 Cal. App. 495 [174 Pac. 402]; *Thomas* v. *Joplin*, 14 Cal. App. 662 [112 Pac. 729].) That there is a difference in the meaning of the words ''drive'' and ''operate'' is clearly pointed out in *Bosse* v. *Marye, supra.* It is elementary that the legislature is presumed to know the meaning of language. ■ We must assume, therefore, that it was the intention of the legislature to limit the imputation of negligence, as provided by this act (Motor Vehicle Act of 1923) to that resulting from the actual *driving,* for the more comprehensive word ''operating'' is eliminated, leaving only the word ''driving,'' instead of ''operating or driving.''

■ The claim against respondent in this case is grounded on the statute. (Motor Vehicle Act 1923.) No liability could attach to her unless it is shown that the car which caused the injury to appellant was being driven under authority of the license of Marcus Lundstrom. The signing of the application, the issuance of the license and the alleged driving of the motor vehicle under the authority of the license are the basis of the action against Mrs. Lundstrom, coupled, of course, with the alleged negligence and resultant injuries. It cannot be successfully claimed that the automobile was being driven under the authority of Marcus Lundstrom's license. The evidence shows that at the very time of the accident the driver himself, Gilbert Talbot, held a state license to drive a motor vehicle. It will not be presumed that he was driving in violation of the provisions of section 58 of the Motor Vehicle Act, but on the other hand, that as a licensee of the state, he was acting under authority of his own license. We are convinced that the action of the trial court in granting the motion for nonsuit was without error. The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.