[S. F. No. 13430. In Bank.—June 11, 1931.]

VINCENZA ZERBO, Respondent, v. ELECTRICAL PRODUCTS CORPORATION (a Corporation) et al., Appellants.

734

J. Hampton Hoge and A. Dal Thompson for Appellants.

Robert L. McWilliams and Robert Beale for Respondent.

THE COURT.—This appeal is from a judgment entered on a verdict for the plaintiff in an action for damages for personal injuries.

The plaintiff was crossing Stockton Street in an easterly direction south of the center line of the intersection of that street with Vallejo Street in the city of San Francisco. The defendant Steinberg was driving his car in a southerly direction along Stockton Street. The evidence was conflicting as to whether the plaintiff attempted to cross Stockton Street from its westerly curb at the regular crossing lane for pedestrians at the corner, or whether she stepped out from behind a parked car at a point south of the corner. It was in evidence that there were skid marks from the defendant Steinberg's car commencing almost at the entrance of the intersection and continuing for about thirty or thirty-five feet before his car struck the plaintiff. The defendant was driving west of the center line of Stockton Street along the rails of the south-bound Stockton Street car tracks.

■ The main assignment of error is that the trial court erred in giving an instruction to the jury on the doctrine of last clear chance, on the ground that there is no testimony which legally justified an instruction on that subject. The question for our consideration, however, is not whether in any case where a pedestrian is struck by an automobile should the doctrine of last clear chance apply. If the views of the appellants be adopted, there would seem to be no opportunity in any such case for the application of that doctrine. The question here is whether under all of the facts the jury would be justified in basing its verdict on that theory, and if so, then the court has not erred in including that theory in its instructions to the jury. In the case of *Rocha* v. *Garcia*, 203 Cal. 167 [263 Pac. 238], this court was of the opinion that the verdict could be sustained on an inference which the jury could reasonably draw that the defendant had the last clear chance to prevent the accident, under a state of facts which was not any stronger to support the giving of the instruction than are the facts in the present case. In *Mayer* v. *Anderson*, 36 Cal. App. 740 [173 Pac. 174], in which the doctrine was held not to apply, there was no room under the evidence for any inference but that plaintiff had stepped, without looking, off the curb into the path of a moving automobile. The evidence presented on the record here is not in such a state that we may say, as a matter of law, that the jury could not reasonably have inferred that the defendant Steinberg had the last clear chance to avoid the injury. On such a record to hold otherwise would be to usurp the function of the jury.

■ The defendants contend that the court erred in not giving two instructions requested by them, one to the effect that to look at an object within the range of vision is to see it, and the other respecting the degree of care required of a pedestrian crossing a congested highway other than at the established crosswalk, both of which were refused on the ground that they were given elsewhere in substance. We have examined the instructions given and, while the exact wording of the instructions requested was not incorporated in the instructions given, we are not persuaded that the substance thereof was not fairly and fully presented.

■ The defendants also contend that the court erred in the instruction concerning future damage. The contention is that an instruction which leaves to the jury's conclu-

sion ·from the evidence the amount of injury which the plaintiff "will suffer" in the future and also the loss, if any, which the plaintiff "will hereafter sustain", etc., is not an instruction that the plaintiff must prove future damages which are "certain to result", as prescribed by section 3283 of the Civil Code, but that it is such an instruction as leaves the estimation of such damages to the conjecture or whim of the jury. The contention is without merit, for although the word "certain" does not appear in the instruction as given, nevertheless the element of certainty is present and there can be no room for conjecture when the jury has been limited to the loss or damage which the evidence shows the plaintiff "will sustain".

█ It is also contended that the damages are excessive, but a consideration of the evidence does not convince us that such is the case.

Other contentions refer to matters which, if meritorious, alone would not be sufficient to require or justify a reversal.

The judgment is affirmed.

Rehearing denied.