[Civ. No. 5391. Third Appellate District.—February 3, 1936.]

W. H. SLEEPER, Respondent, v. ROBERT WOODMAN-SEE, Sr., et al., Appellants.

Jerome D. Peters for Appellants.

Coyle Bybee for Respondent.

THOMPSON, J.—Robert Woodmansee, Sr., and wife have appealed from a joint judgment which was rendered against them and their minor son Robert for injuries sustained by the plaintiff in an automobile casualty which occurred while the son was driving their machine without their knowledge and contrary to their positive command. At the time of the

accident the son held a driver's license which was issued with the written approval of his parents, but which was then temporarily suspended by order of a justice of the peace. The transcript of evidence is not before us. It is contended the findings are contrary to law and that the judgment is not supported thereby.

The court found that the appellants owned the automobile in question; that the minor, who was nineteen years of age at the time of the accident, on the written request of his parents, was granted a driver's license to operate an automobile, September 5, 1928, pursuant to section 62 of the California Vehicle Act as it then existed; that the license was temporarily suspended December 26, 1933, for a period of six months, by order of the justice of the peace of Chico Township in Butte County, upon conviction of violating section 113 of the California Vehicle Act; that on December 31, 1933, the appellants' automobile was entrusted to one George Teron for a pleasure excursion, in which machine their son rode as a passenger; that the appellants forbade their son on that particular occasion to operate the machine and exacted a promise from him and from Teron that he would not do so, but that, contrary to their command, the son took charge of the machine immediately after leaving their presence and was operating it ''without the knowledge or consent of said parents, or either of them, and contrary to their express command,'' when a collision occurred on the public highway between their car and another automobile driven by one Loren Estes, which resulted in serious injuries to the plaintiff, W. H. Sleeper, who was riding as a guest in the last-mentioned machine; that the accident resulted as the proximate cause of the negligence of the appellant's son, which negligence is imputed to appellants and that the plaintiff sustained damages as a result thereof in the sum of $2,447. A joint and several judgment for that sum was thereupon rendered against the appellants and their minor son. From that judgment the parents only have appealed.

It is contended the appellants are not liable for the negligence of their minor son under the circumstances of this case for the reasons that he was not driving the automobile as their agent at the time of the accident, and that they were relieved from liability as signers of his application for a

driver's license under the provisions of section 62 of the California Vehicle Act, since his license was suspended and therefore not in force at the time of the accident.

Except for the statutory liability created by the provisions of section 62 of the California Vehicle Act, by virtue of the parents signing their minor son's application for a driver's license, under the circumstances of this case, they were not liable for his negligence because he was operating their car contrary to their express command and he was not then so engaged as their agent or in pursuit of any mission or business in their behalf. (*Perry* v. *Simeone*, 197 Cal. 132 [239 Pac. 1056]; *Rocha* v. *Garcia*, 203 Cal. 167, 171 [263 Pac. 238]; *Ormston* v. *Lane*, 90 Cal. App. 481, 487 [266 Pac. 304]; 20 Cal. Jur., p. 450, secs. 47, 48.)

We are of the opinion the negligence of the minor son of the appellants is imputed to them under the provisions of section 62 of the California Vehicle Act, by virtue of their having signed his application for an operator's license, which was not revoked or cancelled at the time of the accident in question, notwithstanding the fact that the license was then temporarily suspended.

At the time the operator's license which is involved in this suit was issued section 62 of the California Vehicle Act (Stats. 1923, page 532) provided:

"Sec. 62. Applications of minors. (a) The application to the division of any minor for an operator's license shall not be granted unless such application is signed by both the father and mother of the applicant if both the father and mother are living and have custody of the applicant, otherwise by the parent, guardian, employer or other person having the custody of such minor.

"(b) Any negligence of a minor *so licensed* in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence."

In 1929 subdivision (b) of the preceding section was amended by eliminating the italicized words "so licensed". (Stats. 1929, p. 522.) At the time of the accident that provision read:

"(b) Any negligence of a minor in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence except in the event the minor is driving a motor vehicle as the agent, or servant or upon the business of a person *other than the person who has signed said application.*"

The appellants argue with considerable force that since this accident occurred after the preceding amendment was made, that the negligence of their minor son may not be imputed to them for the reasons that he was not "so licensed" at that time, his license having been suspended by the justice of the peace of Chico Township, and that he was then driving the car as the agent and upon the business of George Teron to whom the machine had been entrusted by his parents. We cannot agree with this construction of the law. The operator's license does not confer a vested right. The license is a mere privilege to drive a motor vehicle, which is subject to revocation for the reasons and in the manner provided by law. Both the regulation of a motor vehicle driver and the liability for violation thereof are subject to the changes of the law. The operator's liability for negligence in driving an automobile will be determined by the law in existence at the time of the alleged tort. It is not determined by the state of the law at the time his license is granted. The contract which is assumed by the parents' written approval of their minor son's application for an operator's license is a guarantee that they will pay any damages which may result from his failure to conform to the law as it exists while he is driving an automobile and for any negligence on his part which occurs by virtue of his operation of the car. (*Lundquist* v. *Lundstrom,* 94 Cal. App. 109 [270 Pac. 696].) The language found in 23 California Jurisprudence, page 683, section 73, applies to the present case where the question of liability for the negligent operation of an automobile under a license is involved. It reads:

"A statute as amended operates precisely as though the subject matter of the amendment had been originally incor-

porated therein, as regards any action had after the amendment is made.''

At the time this accident occurred on December 31, 1933, subdivision (b) of section 62 of the California Vehicle Act had been amended and the language ''so licensed'' upon which the appellants rely as a limitation of their liability had been eliminated.

Moreover, the construction of the meaning of those words ''so licensed'' is too narrow an interpretation of the statute. In our opinion that language may not be construed to mean that the appellants' liability by virtue of their signing the application for their minor son's license is abrogated during the period that it is merely suspended, provided the license is not then revoked. That construction would deprive the public of the security against illegal and negligent operation of a machine, which is the very purpose for which the motor vehicle law is enacted. In the case of *Easterly* v. *Cook,* 140 Cal. App. 115, this court said at page 121 [35 Pac. (2d) 164], in that regard:

''The statutory liability for imputed negligence which is created by section 62 of the California Vehicle Act against one upon whose signed application an operator's license to drive an automobile is issued to a minor does not depend upon the relationship or continued control over the minor, on the part of him who signs the application. It is a separate statutory liability during minority, or until cancelled under the provisions of subdivision (e) of·section 62 of the act which is created by signing the application for the license and thereby vouching for the careful conduct of the driver.

. . .

''We are of the opinion the statutory liability is imposed upon the signer of the application for an operator's license by a minor, independent of the general liability of a parent for the torts of his minor child, on the theory that an automobile is a dangerous instrumentality, the operation of which may not ordinarily be safely entrusted to a minor child on account of a lack of judgment on his part. This liability is deemed to cover the operation of the machine during the years of indiscretion of the minor, and until he reaches the age of majority, . . . unless the license is canceled pursuant to subdivision (e) of section 62 of the California Vehicle Act.

The liability created by that section is not dependent upon the continued authority of the signer of the application. It is a guarantee of compensation for the negligence of the child during minority.''

In the present case, the license had not been revoked at the time of the accident upon application of the appellants, by the court, by the motor vehicle department, or at all. It is true that upon conviction of violating the provisions of section 113 of the California Vehicle Act, the justice's court ordered ''that the driver's license of said minor be revoked for a period of six months''. Clearly this was not a revocation of the license, but on the contrary it was a mere suspension thereof. That is evidenced from the fact that the order specifies that the prohibition against the licensee driving an automobile was limited to a period of six months. A justice of the peace has no power to revoke or restore an operator's license. That power is delegated exclusively to the motor vehicle department, except that under the provisions of section 112 of the act a court may revoke the license of a driver of an automobile after he has been convicted of operating it on the public highway under the habitual influence of narcotic drugs or intoxicating liquor. Section 72 of the act pursuant to which the order in this case was made limits the authority of a court to suspending a driver's license for the maximum period of six months. From the fact that the appellants' son had been three times convicted of violating the California Vehicle Act they had ample warning that he was a dangerous driver. If they had desired to be relieved of liability on account of signing his application for a license, they could have petitioned the department therefor under the provisions of subdivision (e) of section 62 of that act. They failed to do so. Since the license was merely suspended for a limited time and not revoked the appellants were not relieved of liability for their son's unlawful or negligent operation of the machine.

The respondent contends that the attempted suspension of the license was ineffectual and invalid because the license was not endorsed as suspended by the justice of the peace as required by subdivision (d) of section 72 of the act. This failure to so endorse the license was because it was not in the possession of the justice, having been retained by a police

judge in whose court the licensee had been previously convicted of another offense under the California Vehicle Act. It is unnecessary to pass upon that point in view of what we have said respecting the liability of the appellants during the period that the license was merely suspended.

The case of *Bradford* v. *Sargent,* 135 Cal. App. 324 [27 Pac. (2d) 93], upon which the appellants rely regarding the question of their liability for the negligence of their son in driving the machine during the time that his license was temporarily suspended, is not in conflict with what we have previously said. It is true that in the Bradford case the minor son's license was suspended at the time of the accident which was the basis of a judgment rendered against the father of the licensee as the signer of his application therefor. That judgment was, however, reversed on the ground that the automobile was not being driven by the son of the appellant, but on the contrary it was then being operated by another licensed individual without the knowledge or consent of the owner. The court said:

"The contention that appellant's liability was fixed under the terms . . . of the California Vehicle Act has been resolved in favor of the appellant by the case of *Lundquist* v. *Lundstrom,* 94 Cal. App. 109 [270 Pac. 696], regardless of any question of the effect of the suspension of Andy's operator's license by the police court. . . . We conclude that under authority of *Lundquist* v. *Lundstrom, supra,* there could be no liability on the part of the appellant because his son was not driving the car at the time of the accident."

There is no merit in the contention that the appellants are relieved of liability for the reason that they had authorized George Teron to drive their car and that their son operated the machine as his agent. There is no showing that Robert Woodmansee, Jr., was driving the automobile as the agent of Teron. The two boys were jointly engaged in an expedition for pleasure. The appellants are deemed to be liable for their son's negligence independently of the doctrine of agency and solely because of the statutory liability created as a result of their signing his application for the license.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 2, 1936. Thompson, J., voted for a hearing.