[Civ. No. 1998. Fourth Appellate District.—January 13, 1938.]

NICHOLAS SOMMERS et al., Appellants, v. R. G. VAN DER LINDEN et al., Respondents.

Harry W. Horton for Appellants.

Clarence B. Smith for Respondents.

JENNINGS, J.—The plaintiffs husband and wife instituted this action against the defendants to recover damages for personal injuries sustained by them as the result of a collision which occurred on September 5, 1933, between the automobile in which they were riding and an automobile which was then being driven in an allegedly negligent manner by the defendant Remy Van der Linden. It was alleged that the automobile which the last-mentioned defendant was driving was the property of the defendant Joe Durrer and that Van der Linden was driving said automobile with the knowledge and consent of the owner. It was further alleged that Remy Van der Linden was a minor at the time the collision occurred and that he had theretofore procured from the motor vehicle department of the state of California an operator's license which entitled him to operate a motor vehicle on the public highways of the state and that the defendants R. G. Van der Linden and Bertha Van der Linden were the parents of

Remy Van der Linden and had signed their son's application for such operator's license and had thereby agreed that they would be responsible for any damages that might be sustained by any person as a result of the negligent operation of a motor vehicle by said minor.

Upon the trial of the action when the plaintiffs had concluded their case and had rested, the defendants moved the court for a nonsuit. The motion was granted as to the parents of the minor and denied as to the two remaining defendants. Upon the termination of the trial judgment was rendered in favor of plaintiffs against the defendants Joe Durrer and Remy Van der Linden and a judgment dismissing the action as to the defendants R. G. Van der Linden and Bertha Van der Linden was entered. This appeal has been taken by plaintiffs from the judgment of dismissal.

Appellants contend that the court erred in granting the motion of respondents for a nonsuit. This contention is based on section 62 of the California Vehicle Act as it existed on September 5, 1933, the date of the collision and particularly the provisions contained in subdivisions (b) and (c) of said section. Intelligent consideration of this contention requires some reference to the facts which were developed by the evidence which had been produced by appellants when the motion for a nonsuit was granted.

The record on which this appeal is presented consists of the reporter's transcript of only a portion of the evidence submitted during the trial. It contains the testimony given by the defendant Remy Van der Linden and by his parents, respondents herein. Included in it are two exhibits which were introduced in evidence by respondents and their co-defendants. One of these exhibits is a certified copy of the application of the defendant Remy Van der Linden for an operator's license. The other is a copy of a telegram addressed to the counsel who represented the defendants during the trial of the case purportedly sent by the state of California, division of drivers licenses and adjustments, on December 11, 1934. By these exhibits it was shown that the defendant Remy Van der Linden made application for the issuance to him of a license to operate motor vehicles in the state of California on July 25, 1929, that he was then 16 years of age, that his parents, respondents herein, signed the application, that the application was granted and an

operator's license was accordingly issued to the applicant on August 23, 1929, and that the license so issued expired two years after the date of issuance. Remy Van der Linden testified that he had not made application for an operator's license at any time subsequent to August, 1929.

The testimony of the respondents which is contained in the reporter's transcript related largely to the knowledge or the lack thereof of the parents that the minor, defendant Remy Van der Linden, was driving automobiles of other persons and their consent, express or otherwise, that he might drive the automobile which respondents owned. A fair *résumé* of this testimony is that respondents at times permitted their son, Remy, to drive the family automobile and at other times refused permission and that they informed him that he could only drive the car with their express permission. With respect to the matter of their knowledge or lack of it that he, at times, operated automobiles which belonged to persons other than themselves both respondents testified positively that they had given him no permission to drive such cars and each denied knowledge that the minor was so driving and in particular that either of them had seen him driving the automobile which belonged to the defendant, Joe Durrer. Bertha Van der Linden testified that at various times during the year 1933 she had observed her son, Remy, riding in automobiles of other persons. The testimony of both respondents indicated that neither of them had expressly directed the minor that he should not drive an automobile which was the property of a third person.

On this state of facts appellants urge that liability for the injuries which they sustained attached to respondents and that the trial court therefore erred in granting a nonsuit. It is first contended that respondents became liable because they joined in the application which their son, Remy, made for an operator's license on July 25, 1929, notwithstanding the fact that the license which was issued to the minor on August 23, 1929, in response to the application signed by the parents expired two years after the date of its issuance, the date of expiration thus being more than two years prior to the date on which the collision occurred.

The contention that the legal liability of the parents for the minor's negligence continued beyond the date on which

the license expired is not persuasive. Appellants maintain that this far-reaching liability was imposed upon respondents by the provisions of subdivision (b) of section 62 of the California Vehicle Act which was in effect at the time the collision occurred. This subdivision then contained the following language: "Any negligence of a minor in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor for said license." Subdivision (a) of the same section provided that "The application to the division of any minor for an operator's license shall not be granted unless such application is signed by both the father and mother of the applicant if both the father and mother are living and have custody of the applicant." It is apparent that the primary purpose of the application thus required to be made and signed was for the issuance of an operator's license and for the kind of operator's license which the law then in effect permitted to be issued. However, the act of which section 62 was a part did not permit the issuance of a license of unlimited duration. On the contrary, the period of time during which such a license should continue in effect was expressly limited and the license automatically expired two years after the date of issuance. (Sec. 69, Cal. Vehicle Act, Stats. 1929, p. 523.) When, therefore, the application in which respondents joined was made it was not for an operator's license of unlimited duration. It was not an application for a license that would continue in effect, for example, throughout the minority of the applicant. Conceivably, respondents might not have been willing to sign an application for such a license having in mind the more extended liability which they would incur by so doing. Since the primary purpose of the application required to be made by the provisions of subdivision (a) of section 62 of the act was for the issuance of a license which the statute ordained should automatically expire two years after the date of issuance we are impelled to the conclusion that the vicarious liability imposed by subdivision (b) of the aforementioned section ended when the license expired.

The second contention of appellants is that, in any event, liability for the minor's negligence and the injuries caused thereby attached to respondents under the provisions of subdivision (c) of section 62 of the statute. At the time

the accident occurred subdivision (c) contained the following language:

"Also any negligence of a minor, whether licensed or not under this act, in driving a motor vehicle upon a public highway with the express or implied permission of a parent or parents having custody of such minor, shall be imputed to such parent or parents, who shall be jointly and severally liable. with such minor for any damages caused by such negligence, except in the event the minor is driving a motor vehicle as the agent or servant or upon the business of a person other than the parent or parents."

From the above-quoted language it is apparent that it was incumbent upon appellants, in order to fasten liability upon respondents for the minor's negligence, to establish two necessary facts. These facts were, first, that at the time the collision occurred respondents had custody of the minor and, second, that they had given to the minor their permission, either express or implied, to his driving the automobile by the negligent operation of which the injuries were caused. For the purposes of this opinion it will be assumed that the first of the above-stated facts was established although it must be observed that it is not certain from the very meager evidence relating thereto which appears in the transcript that such was the case.

With respect to the second necessary fact, it is clear that not an iota of evidence was produced which tended to show that respondents had ever given their express permission to the minor to drive the automobile which the evidence showed he was driving when the accident occurred. To the contrary, the evidence indicated an entire absence of such express permission. It is, however, urged that the evidence tended to show that the driving of the car by the minor took place with the implied permission of respondents. The facts established by the testimony of respondents upon which reliance is placed to make out implied permission are that the mother had seen the minor riding in automobiles of other persons, that neither respondent had forbidden the minor to drive an automobile which belonged to a third person, and that the minor was occasionally permitted by respondents to drive the family automobile. The last-mentioned fact is of no assistance to appellants because the uncontradicted evidence showed that the minor was allowed to drive the family car

only when he obtained the express consent of his parents so to do. It is also our conclusion that the two remaining facts were entirely insufficient to show implied permission. Certainly the fact that one of the parents had observed the minor riding in automobiles of third persons would not alone justify an inference that respondents impliedly consented to the minor's driving any such automobiles. Nor do we think that the additional fact that neither parent ever expressly forbade the minor's driving an automobile of a third person would serve to warrant an inference of implied permission, particularly in view of the uncontradicted evidence that neither parent had any knowledge that the minor ever drove an automobile of a third person and in view also of similar evidence negativing knowledge by respondents that the minor had ever driven the particular automobile which he was operating when the collision occurred. At least a knowledge by the parents that the minor had driven automobiles of third persons in the past was required to warrant an inference of implied permission under the facts disclosed by the record herein. (*Bradford* v. *Sargent*, 135 Cal. App. 324 [27 Pac. (2d) 93] ; *Howland* v. *Doyle*, 6 Cal. App. (2d) 311 [44 Pac. (2d) 453].) Since the necessary factor of knowledge was entirely lacking, an inference of implied permission was unwarranted.

For the reasons stated herein the judgment from which this appeal has been prosecuted is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1938.