## REGISTER v. AUSTIN, et al.

Circuit Court, Columbia County.

April 7, 1954.

Ferguson & Jopling, Lake City, for plaintiff.

Brannon & Brown, Lake City, for defendants.

R. H. ROWE, Circuit Judge.

This cause came on to be heard on a motion for a summary judgment filed under common law rule 43 by the defendants, H. R. and Catherine A. Austin, together with affidavits filed in support thereof by these defendants. Plaintiff filed an affidavit by G. A. Buie, Jr., county judge, Columbia County, and a photostatic copy of a form DL-4 of the Department of Public Safety.

Having heard argument of counsel, the court determines that the sole question to be decided under the pleadings is—Does the liability of the parents of a minor incurred in signing the minor's application for an operator's license under section 322.09, Florida Statutes 1951, continue under a renewal license obtained by the minor prior to the expiration of his original license?

The facts are undisputed. The minor defendant, Bobby Oren Austin, son of defendants, was involved in an automobile accident on December 17, 1953, at which time he was 17 years of age. His parents had signed his original application for operator's license

filed on November 5, 1952. The minor renewed his license on September 30, 1953 in the usual manner by simply surrendering his old license to the county judge of this county and paying the fee for renewal. He was operating a vehicle under the renewal license at the time of the accident.

Of the applicable statutes section 322.09, Florida Statutes 1951, provides—

> The application of any person under the age of eighteen years for an instruction permit or operator's license shall be signed by both the father and mother of the applicant, if both are living and have custody of him. . . .
>
> Any negligence or willful misconduct of a minor under the age of eighteen years when driving a motor vehicle upon a highway shall be imputed to the person or head of a family who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or misconduct.

Section 322.18 provides—

> Every operator's and chauffeur's license shall expire on October first of each year. Every such license shall be renewable on or before its expiration upon application and payment of the required fee, and may be renewed without examination, unless the department has reason to believe that the licensee is no longer qualified to receive a license . . .

Section 322.21 provides—

> The department of public safety shall prepare forms for applications and licenses in conformity with the provisions of this chapter and the said department shall have sufficient numbers of the same prepared to supply all applicants for operator's and chauffeur's licenses, and all renewal licenses, and furnish the same to the several county judges. Licenses shall be issued by said judges pursuant to the provisions of this chapter, and subject to the direction and supervision of the department of public safety.

The defendant parents contend that because section 322.18 provides that licenses shall be renewable upon application, and because they signed no application for renewal, their liability terminated when the renewal license was issued. Houston v. Holmes (Miss.), 32 So. 2d 138, and Sommers v. Van Der Linden (Cal. Dis. Ct. of App.), 75 Pac. 2d 83, are cited in support thereof. In my considered opinion section 322.09, imposing liability on parents in cases of this kind, should be strictly construed because it is in derogation of the common law. It is therefore ordered that judgment be and it is rendered in behalf of the defendants, H. R. Austin and Catherine A. Austin, and against the plaintiff, John R. Register, and that the plaintiff take nothing by his suit and the defendants go hence without day.