[Civ. No. 11490.   Third Dist.   Sept. 5, 1967.]

ISABELLE A. HAMILTON, as Administratrix, etc., Plaintiff and Appellant, v. WALFRED DICK et al., Defendants and Respondents.

124

Thomas W. Loris for Plaintiff and Appellant.

Richard E. Good and Barnett, Marvin & Good for Defendants and Respondents.

FRIEDMAN, J.—In this wrongful death action the defendants had summary judgment and plaintiff appeals.

Plaintiff's decedent was killed while riding in a car driven by Craig Wood, a minor. Wood too was killed in the accident. Defendant Mrs. W. C. Dick is the mother of Craig Wood. Plaintiff seeks to hold her liable under Vehicle Code provisions imposing liability on a parent who signs his minor child's driver's license application.

Vehicle Code section 17701 requires parental signature before a driver's license is issued to a minor. Section 17707 imposes upon the signer liability for damages resulting from the minor's wrongful driving.[1] Section 17711 permits the signer to be relieved from liability after applying for cancellation of the minor's license and after the Department of Motor Vehicles has performed the cancellation.

Mrs. Dick signed Craig's driver's license application in 1962. After a series of vehicle offenses by Craig, his license was revoked in May 1964. Both Mrs. Dick and her husband forbade Craig to drive. They thought he was in bed on the night of June 17, 1964, when the fatal accident occurred. Craig, however, had left the house. He and his companion (plaintiff's decedent) had stolen a car from a used car lot. Pursued by the police, Craig was driving at a high speed, rounded a corner and lost control of the car, which crashed into several parked vehicles.

Mrs. Dick had not applied for cancellation of her son's driver's license before the fatal accident. ▮ Plaintiff's theory is that the liability imposed by Vehicle Code section 17707 persists until cancellation occurs pursuant to section 17711. Defendant takes the position that revocation of Craig's

---

[1]Section 17707 provides: ''Any civil liability of a minor arising out of his driving a motor vehicle upon a highway during his minority is hereby imposed upon the person who signed and verified the application of the minor for a license and the person shall be jointly and severally liable with the minor for any damages proximately resulting from the negligence or willful misconduct of the minor in driving a motor vehicle, . . .''

license a month before the accident terminated the parents' liability, making cancellation superfluous.

The statutes in question are to be viewed in relation to other Vehicle Code provisions. Section 13100 provides in effect that "cancellation" of a driver's license means that the license is terminated without prejudice and must be surrendered, but the person may then immediately apply for a new license. Section 13101 defines "revocation" as a termination of the person's driving privilege. Section 13102 defines "suspension" as the temporary withdrawal of the person's driving privilege. Sections 13200-13210 provide for suspension or revocation by a court for various wrongful acts of the licensee. Sections 13350-13368 provide for suspension or revocation by the Department of Motor Vehicles.

Revocation is a penalty imposed for purposes of discipline and public protection. Cancellation, in contrast, denotes a voluntary termination of the driving privilege, entailing no penalty and allowing immediate reapplication. In permitting an adult application signer to apply for cancellation of a minor's license, section 17711 supplies a permissive procedure for accomplishing termination of the privilege. Were it not for section 17711, the adult signer would have no means of liberating himself from the choice he once made. Cancellation accomplishes voluntarily what revocation accomplishes involuntarily. If termination is accomplished by the latter method, resort to the former becomes superfluous. Once revocation occurs, the driving privilege is at an end. Thereafter there is no reason and no necessity for a voluntary application to terminate that which has already been terminated involuntarily. Both means are equally effective to terminate the driving privilege and to terminate the signer's liability.

The briefs refer to a number of decisions construing the parents' liability statutes, none of them controlling here. *Rocha* v. *Garcia* (1928) 203 Cal. 167 [263 P. 238], and *Sommers* v. *Van der Linden* (1938) 24 Cal.App.2d 375 [75 P.2d 83], are consistent with the general notion that the parents' liability coextends time-wise with the minor's licensed status. Both cases, however, were decided in the light of earlier versions of the statutes. *Easterly* v. *Cook* (1934) 140 Cal.App. 115 [35 P.2d 164], declares *arguendo* that the liability lasts through minority or until the license is canceled. Easterly, however, did not involve a revoked license and did not consider the effect of revocation prior to the accident. *Sleeper* v. *Woodmansee* (1936) 11 Cal.App.2d 595 [54 P.2d 519] held

the parent liable for an accident occurring after suspension of the minor's license. In explicit dictum, however, the court declared that revocation would have a different result: "Since the license was merely suspended for a limited time and not revoked the appellants were not relieved of liability for their son's unlawful or negligent operation of the machine." (11 Cal.App.2d at p. 601.)

Plaintiff makes no claim that Craig Wood was driving the vehicle as agent of his mother or with her permission (Veh. Code, § 17708); thus there is no theory of law on which the mother may be held liable.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.