KEATING ET AL. *v.* HOLLSTEIN ET AL.

(No. 88-1542—Decided
May 9, 1990.)

Court of Common Pleas of
Lucas County.

*Cook & Weisenburger Co., L.P.A.,*
and *William C. Eickholt,* for plaintiffs.
*Manahan, Pietrykowski, Bamman
& Delaney* and *George C. Ward,* for
defendant Patricia Hollstein.
*J. Stephen Armacost,* for defendant Kelly L. Hollstein.

FREDERICK H. MCDONALD, J. This
cause is before the court upon defendant Patricia Hollstein's motion for
summary judgment. For the reasons
which follow, I find that the motion
should be granted.

I

The facts as construed most
strongly in favor of the plaintiffs are as
follows. On October 14, 1987, plaintiff
Joseph Keating and his wife, Frances
Keating, were involved in a collision
with an automobile driven by defendant Kelly Hollstein, who was a minor
at that time. Frances Keating died on
October 15, 1987, as a result of injuries
sustained in the collision.

Because Kelly was a minor, his
mother, Patricia Hollstein, signed his
application for a probationary driver's
license. At the time of the collision
with the Keatings, however, Kelly's
driver's license had been revoked for a
period of one year by the Juvenile Division of the Lucas County Court of
Common Pleas as a result of a third
juvenile traffic offense. The license
was physically confiscated by personnel of the juvenile court in the presence
of Patricia Hollstein following the
license revocation.

The plaintiffs filed a complaint
against Kelly on May 13, 1988, and
filed an amended complaint on May 8,
1989 to add Patricia Hollstein as a
defendant. They allege that Kelly
negligently caused the October 14,
1987 collision with the Keatings, and
that Patricia Hollstein is jointly and
severally liable with Kelly because she
signed his probationary driver's
license application.

II

The general rules governing motions for summary judgment filed pursuant to Civ. R. 56 are well-established. In *Harless* v. *Willis Day
Warehousing Co.* (1978), 54 Ohio St. 2d
64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d
46, 47, the Supreme Court of Ohio
stated the requirements that must be
met before a motion for summary
judgment may be granted:

"The appositeness of rendering a
summary judgment hinges upon the
tripartite demonstration: (1) that there
is no genuine issue as to any material
fact; (2) that the moving party is entitled to judgment as a matter of law;
and (3) that reasonable minds can come
to but one conclusion, and that conclusion is adverse to the party against
whom the motion for summary judgment is made, who is entitled to have
the evidence construed most strongly
in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." (Footnote omitted.) See, also, *Johnson* v. *New London* (1988), 36 Ohio St. 3d 60, 61, 521 N.E. 2d 793, 794-795.

The Court of Appeals for the Sixth Appellate District has consistently held that motions for summary judgment should be granted with caution in order to protect the non-moving party's right to trial. As stated by the court in *Viock* v. *Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7, 14-15, 13 OBR 8, 16, 467 N.E. 2d 1378, 1386:

"We recognize that summary judgment, pursuant to Civ. R. 56, is a salutary procedure in the administration of justice. It is also, however, a procedure which should be used cautiously and with the utmost care so that a litigant's right to a trial, wherein the evidentiary portion of the litigant's case is presented and developed, is not usurped in the presence of conflicting facts and inferences. * * * It is settled law that '[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, * * *' which party in the instant case is appellant. * * * It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." See, also, *Bowlds* v. *Smith* (1961), 114 Ohio App. 21, 29, 18 O.O. 2d 305, 310, 180 N.E. 2d 184, 189.

## III

Patricia Hollstein argues that she is not jointly and severally liable with Kelly because his license had been revoked when he collided with the Keatings. The plaintiffs argue that Patricia Hollstein could relieve herself of joint and several liability for damages resulting from Kelly's wrongful driving only by surrendering his license to the Registrar of Motor Vehicles and having it cancelled.

Ohio law generally requires a minor's parent to sign the minor's probationary driver's license application, and the parent may be jointly and severally liable for damages caused by the minor's wrongful driving. See R.C. 4507.07(A) and (B). The parent may relieve himself of this liability by surrendering the minor's license to the Registrar of Motor Vehicles and requesting that it be cancelled. See R.C. 4507.07(C).[1]

Patricia Hollstein's motion for summary judgment raises the issue whether revocation and confiscation of a minor's license by a juvenile court relieves a parent who signed the minor's driver's license application of liability for damages caused by the minor's wrongful driving.

No Ohio court has addressed this issue. The weight of authority in this country, however, holds that revocation, cancellation or expiration of a minor's driver's license relieves the parent who signed the license application of liability for damages resulting from the minor's wrongful driving. See Annotation, Construction and Effect of Statutes Which Make Parent, Custodian, or Other Person Signing Minor's Application for Vehicle Operator's License Liable for Licensee's Negligence or Willful Misconduct (1986), 45 A.L.R. 4th 87, 130, Section 21.

---

[1] R.C. 4507.07(C) provides:

"Any person who has signed the application of a minor under eighteen years of age for a license may thereafter surrender to the registrar the license or temporary instruction permit of the minor and request that the license or permit be cancelled. The registrar shall then cancel the license or temporary permit, and the person who signed the application of the minor shall be relieved from the liability imposed by division (B) of this section."

In *Hamilton* v. *Dick* (1967), 254 Cal. App. 2d 123, 61 Cal. Rptr. 894, the court held that revocation of a minor's driver's license relieves the person who signed the license application of liability for damages resulting from the minor's wrongful driving.[2] The court reasoned that:

"* * * Cancellation accomplishes voluntarily what revocation accomplishes involuntarily. If termination is accomplished by the latter method, resort to the former becomes superfluous. Once revocation occurs, the driving privilege is at an end. Thereafter there is no reason and no necessity for a voluntary application to terminate that which has already been terminated involuntarily. Both means are equally effective to terminate the driving privilege and to terminate the signer's liability." *Id.* at 125, 61 Cal. Rptr. at 896.

*Hamilton* is persuasive for purposes of construing R.C. 4507.07(C). Under this statute, a parent who signs a minor's driver's license application may relieve himself of liability for damages caused by the minor's wrongful driving by surrendering the license to the Registrar of Motor Vehicles and requesting that it be cancelled. Revocation of a minor's license accomplishes involuntarily what cancellation pursuant to R.C. 4507.07(C) accomplishes voluntarily. A minor whose license is revoked is not entitled to apply for or receive a new license during the effective dates of the revocation. See R.C. 4507.17. Therefore, R.C. 4507.07(C) relieves a person who signs a minor's driver's license application of the liability imposed by R.C. 4507.07(B) during the effective dates of any revocation of the license. In addition, if plaintiffs' construction of R.C. 4507.07(C) were accepted it would have required Patricia Hollstein to do the impossible—to surrender a driver's license that was in the physical possession of the juvenile court.

Patricia Hollstein states in her unrebutted affidavit that Kelly Hollstein's driver's license had been revoked prior to October 14, 1987, the date his vehicle collided with the Keatings' vehicle. The revocation of Kelly's driver's license accomplished involuntarily what Patricia Hollstein might have accomplished voluntarily by having the license cancelled pursuant to R.C. 4507.07(C): Kelly had no driving privileges on the date of the collision. Consequently, Patricia Hollstein can not be held liable under R.C. 4507.07(B) for any damages caused by Kelly's alleged wrongful driving on October 14, 1987. She is entitled to summary judgment.

Upon consideration of defendant's motion for summary judgment, the court finds that there are no genuine issues of material fact and that defendant Patricia Hollstein is entitled to judgment as a matter of law, and it is ordered that defendant Patricia Hollstein be granted summary judgment against the plaintiffs. Pursuant to Civ. R. 54(B), the court finds no just reason for delay.

*Judgment accordingly.*

---

[2] California law is virtually identical to Ohio law regarding a parent's liability for signing a minor's driver's license application. Section 17701 of the California Vehicle Code, like R.C. 4507.07(A), requires a parent to sign a minor's driver's license application, and Section 17707 of the California Vehicle Code, like R.C. 4507.07(B), imposes liability on the signer for damages resulting from the minor's wrongful driving. See *Hamilton* v. *Dick* (1967), 254 Cal. App. 2d 123, 124, 61 Cal. Rptr. 894, 895. Section 17711 of the California Vehicle Code, like R.C. 4507.07(C), permits the signer to relieve himself of this liability by having the license cancelled by the California Department of Motor Vehicles. See *Hamilton, op. cit.*