[Civ. No. 6287. Fourth Dist. Jan. 26, 1960.]

RODNEY WARREN JOHNSON, Appellant, v. DEPART-MENT OF MOTOR VEHICLES et al., Respondents.

442

Julius S. Austero for Appellant.

Stanley Mosk, Attorney General and Carl Boronkay, Deputy Attorney General, for Respondents.

MONROE, J. pro tem.*—In October, 1958, the Department of Motor Vehicles gave notice to the petitioner that its records showed that he was a negligent driver, in that he had violated traffic laws. He requested a formal hearing, and such hearing was held pursuant to section 318† of the California Vehicle Code. As a result of that hearing, the Department determined that petitioner was a negligent operator of a motor vehicle and in accordance with the provisions of sec-

---

*Assigned by Chairman of Judicial Council.

†All Vehicle Code citations are to sections as numbered prior to the 1959 recodification.

tion 319 of the Vehicle Code, placed him upon probation. By the terms of the probation, he was permitted to drive a motor vehicle upon condition that he surrender his operator's license and upon condition that he obey all the provisions of the Vehicle Code and all traffic regulations. The order was made effective as of January 9, 1959. Thereupon petitioner applied to the superior court for a writ of mandate. An alternative writ was issued and upon the filing of answer on behalf of the Motor Vehicle Department hearing was had. From a denial of the writ this appeal is taken.

The record of the Motor Vehicle Department reveals the following with respect to petitioner:

"(1) April 6, 1955, Pasadena Municipal Court, illegal U-turn (Sec. 476A-1), forfeited bail.

"(2) January 4, 1956, Delano Judicial District, speeding (Sec. 510), forfeited bail.

"(3) March 6, 1956, Antelope Judicial District (Lancaster), speeding (Sec. 510), found guilty following jury trial, paid fine.

"(4) March 27, 1958, Los Angeles Municipal Court, speeding (Sec. 510), denied driving at rate of speed charged but admitted driving at 60 or 65 miles per hour, paid fine.

"(5) April 8, 1958, Anaheim Municipal Court, speeding (Secs. 510-511), tried and found guilty, sentence suspended.

"(6) May 20, 1958, Los Angeles Municipal Court, speeding (Sec. 510), forfeited bail.

"(7) May 28, 1958, Redwood City Municipal Court, illegal U-turn (Sec. 476A-1), pleaded guilty, sentence suspended.

"(8) August 8, 1958, Riverside Municipal Court, speeding (Secs. 510, 511), forfeited bail."

The main contentions on behalf of the appellant arise from the fact that as to three of the offenses listed there was no trial or plea but simply a forfeiture of bail. Appellant contends that he should not be penalized by reason of a traffic offense where he has not admitted his guilt or been found guilty.

Section 314 of the Vehicle Code provides that license may be suspended or revoked upon the ground that the licensee is a reckless, negligent or incompetent driver of a motor vehicle. It was upon this ground that the Department proceeded. Section 271.2 of the Vehicle Code defines a negligent operator as "any person who has been convicted on four or more occasions in a consecutive period of 12 months, or six or more occasions within a consecutive period of 24 months,

or eight or more occasions within a consecutive period of 36 months, of violations of the provisions of the Vehicle Code involving the safe operation of vehicles on the highway. . . ." Section 312 of the Vehicle Code provides that "For the purposes of this chapter, . . . a forfeiture of bail, constitutes a conviction of any of the crimes mentioned herein." By the 1957 amendment of this section, code sections relative to improper parking are eliminated. It is to be noted that the record established that petitioner had suffered five convictions within much less than 12 consecutive months, if the forfeitures of bail are included. He contends that the definition of "conviction" contained in section 312 is confined to "this chapter" and that it therefore has no connection with section 271.2 which is in another chapter of the code. This argument is without merit. The chapter in which section 312 is found has to do with the suspension and revocation of licenses by the Department of Motor Vehicles. One of the grounds for suspension is that the petitioner whose license is to be suspended is a negligent operator. Section 271.2, in defining negligent operator, is of a general application in connection with the licensing of operators and applies equally in the chapter providing for suspensions by the department. Section 312 therefore applies to such provision.

The appellant challenges the validity of the provisions for the revocation or suspension of operator's license upon the ground that the sections purport to permit a suspension of license without an actual finding of guilty and that there is an unlawful delegation of judicial powers to the Motor Vehicle Department, and upon the further ground that in providing in section 271.2 that a conviction of violation of certain provisions of the Vehicle Code shall count as two convictions and violation of other provisions involving the safe operation of vehicles shall count as one conviction each, there is no proper classification or distinction between the various sections with regard to the severity of the offense. It is to be noted that section 271.2 provides that the stated number of convictions shall raise the prima facie presumption that the petitioner is a negligent operator. ▉ The purpose of the hearing is to consider these convictions and determine whether, in view of all the facts, he shall be so classified. The fact is that a hearing was had and upon showing of the requisite number of convictions the petitioner was given an opportunity to produce evidence and he did testify in detail. The superior court has found that there

was a full, complete and fair hearing and that the action of the Motor Vehicle Department was supported by substantial evidence. The findings of the superior court in this regard are amply supported by the record.

The validity and constitutionality of the Vehicle Code, particularly with regard to suspension of operators' licenses, has been carefully considered and all questions with respect thereto set at rest in the following cases: *Watson* v. *Division of Motor Vehicles*, 212 Cal. 279 [298 P. 481]; *Escobedo* v. *State*, 35 Cal.2d 870 [222 P.2d 1]; *Sleeper* v. *Woodmansee*, 11 Cal.App.2d 595 [54 P.2d 519]. In the case last cited, the court said, among other things:

"The license is a mere privilege to drive a motor vehicle, which is subject to revocation for the reasons and in the manner provided by law."

The courts have taken occasion to note that although the use of the public highways is open to all citizens and the rights of citizens thereto must be protected, nevertheless public safety demands that there be regulation of drivers of motor vehicles, which are in their very nature prone to create extensive damage and injury if improperly operated.

The suspension of a license because it has been established that the holder of the license is a negligent operator is supported by the same principles of public welfare as is the requirement for examination of operators before granting a license in the first instance. There is involved not the matter of the punishment of the operator, but the matter of the protection of the public from the dangers attendant upon unskillful or negligent operation of motor vehicles.

The provision for permitting the operator of a motor vehicle to sign a ticket when he is stopped by a traffic officer, and permitting his subsequent deposit of bail, is purely for the convenience of the public. Were it not for that provision, every driver charged with a violation of a provision in the Vehicle Code would necessarily be taken before a magistrate and required to then post bail or be held in jail. It must be held that the posting of bail upon a traffic ticket and the forfeiture of such bail may properly be considered as an admission of guilt.

The appellant contends that section 271.2 of the California Vehicle Code is unconstitutional, in that it is discriminatory, for the reason that there are classified together violations of the Vehicle Code, some of which, appellant contends, are of a more serious nature than others. It is argued

that the result will be that the license of one person may be revoked for traffic offenses of much less serious character than those of another driver.

██ ''This contention must be considered in the light of the established rule that the power of the Legislature to classify carries with it a wide discretion. 'The authority and the duty to ascertain the facts which will justify classified legislation must of necessity rest with the legislature, in the first instance, to whom has been given the power to legislate and not to the courts and the decision of the legislature in that behalf is ordinarily conclusive upon the courts. ██ Every presumption is in favor of the validity of the legislative act and the legislative classification will not therefore be disturbed unless it is palpably arbitrary in its nature and neither founded upon nor supported by reason.' '' (*In re Herrera*, 23 Cal.2d 206, 212 [143 P.2d 345].)

██ It is to be noted that by the express terms of the section certain convictions are to be classified as the equivalent of two convictions. They are: section 332, operating an automobile after operator's license has been revoked; section 481, failure to stop after an accident involving damage; section 483, failure to give notice of having damaged an unattended vehicle; section 502, driving under the influence of liquor; and section 505, reckless driving. In each of these violations there is involved something more than mere negligence. There is involved willful disobedience of the law as laid down by the Vehicle Code. It is clearly proper that such violations shall be considered much more serious than those which involve negligence or inattention. It is also to be noted that those violations which are to count as one conviction are specifically those ''involving the safe operation of vehicles on the highway and which are by law required to be reported to the Department.'' In the matter of suspension of the license, convictions of violations of the Vehicle Code which do not involve the safe operation of vehicles on the highway are not to be counted at all. Furthermore, section 271.2 provides that any person who has been convicted the required number of times shall be prima facie presumed to be a negligent operator of a motor vehicle. It is for the department to determine, upon a hearing and consideration of the surrounding facts, whether such person is in fact a negligent operator and also whether he shall be deprived of his operator's license or placed upon probation. The section gives a fair guide to indicate the manner in which the discretion of the department is to be exer-

cised and we find nothing to justify the charge that it is discriminatory.

 Appellant argues that some violations involving the safe operation of vehicles are more serious than others. Any violation which involves the safe operation of motor vehicles can have disastrous results depending upon the then existing circumstances. It is the fact that almost any violation of one of these sections will result in no harm if favorable conditions exist, but may result in damage or even loss of life under other circumstances. A number of convictions of violations of this type would seem to fairly indicate that the individual may be properly classified as a negligent operator.

 The Legislature has properly placed within the Motor Vehicle Department the discretion of determining what persons are qualified to receive operator's licenses and of determining what licenses should be revoked. The Legislature has furnished proper guides for the exercise of that discretion. The superior court weighed the evidence and found that the action of the department was a proper exercise of its discretion. Such determination is supported by substantial evidence and may not be disturbed on appeal. (*Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301 [196 P.2d 20].)

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 23, 1960. Peters, J., was of the opinion that the petition should be granted.