[No. E023242. Fourth Dist., Div. Two. Nov. 17, 1999.]

ROGER SUNPATH TOLCES, Plaintiff and Appellant, v.
GROVER TRASK, as District Attorney, etc., et al., Defendants and
Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I. and II.

## COUNSEL

Roger Sunpath Tolces, in pro. per., for Plaintiff and Appellant.

Grover C. Trask, District Attorney, and James P. Fullmer, Deputy District Attorney, for Defendants and Respondents.

## OPINION

**WARD, J.**—Plaintiff and appellant Roger Sunpath Tolces appeals from a court order denying his requests for an offset against his child support arrearage and for the reinstatement of his California driver's license, which was suspended as a result of the noncompliance with his child support order. On appeal, Tolces contends: (1) he should receive an in-kind offset against his child support arrearage for the alleged fair rental value of the home he provided, rent-free, for the mother of his son and her children; and (2) his driver's license should be reinstated because Welfare and Institutions Code section 11350.6[1] is not applicable to him and is unconstitutional because it infringes on his right to travel and violates his right to equal protection.

We find no error and affirm.

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise noted.

FACTUAL AND PROCEDURAL BACKGROUND

Tolces had a son, Thayne Garett Tolces, with Ingrid Traver. The record does not show when Thayne was born. Apparently, the district attorney obtained an order that Tolces pay $175 per month in child support for Thayne.[2] Tolces asserts that his child support obligation was terminated on November 28, 1995, by order of the superior court.[3] About that time, Thayne moved in with Tolces on a full-time basis.

On or about October 5, 1995, Traver and her children were evicted from their home. Thayne was not then living with Traver. Tolces allowed Traver and her other children to live in a two-bedroom house he owned in Desert Hot Springs, California. They resided in the house, rent-free, for 28 months. Tolces estimates that the fair rental value of the house was $500 per month.

On or about December 2, 1997, the Department of Motor Vehicles (DMV) sent Tolces a "Notice of Intent to Suspend" his driver's license effective May 1, 1998. The DMV proposed to suspend Tolces's license pursuant to section 11350.6, after the Riverside District Attorney's Office, Family Support Division, reported that Tolces had an outstanding balance of $6,631.31 in child support arrears.[4]

On March 18, 1998, Tolces filed an order to show cause (OSC) disputing the amount of his child support arrearage balance and requesting an in-kind offset. Tolces demanded a $14,000 in-kind offset against his child support arrearage, which would effectively bring his outstanding balance to zero. He also requested an order prohibiting the Riverside District Attorney's Office, Family Support Division, and the DMV from suspending his driver's license.

On March 26, 1998, Tolces filed a brief in support of his request for an offset against his outstanding child support arrearage. He argued that travel was a right, not a privilege, and claimed that the suspension of his driver's license was an infringement on his right to travel.

On June 1, 1998, the trial court took the matter under submission and rendered its decision on July 9, 1998. The court denied Tolces's OSC

[2]The record does not contain a copy of the child support order. However, for purposes of this background statement, we accept (and defendants and respondents do not dispute) Tolces's assertion in the pleading that he was ordered to pay $175 per month for Thayne.

[3]Tolces claimed in his moving papers that his obligation ended on this date. Again, the record does not include a copy of the order terminating Tolces's child support obligation, but the parties do not raise any dispute as to this underlying assertion.

[4]As previously noted, the record does not include any documentation to verify the amount of child support Tolces owed in arrears, but we accept the matters alleged in Tolces's papers below seeking an offset against child support.

because there was insufficient evidence showing the amount of arrearage, there was no prior order permitting in-kind payment, and his request was, in essence, for a retroactive modification of support. Furthermore, the court ruled that section 11350.6 was not unconstitutional, and that it did not purport to limit or prohibit travel. The court specifically stated that because ·section 11350.6 simply prohibited Tolces from possessing a license to drive, he could still travel as a passenger in a car, bus, or plane, and therefore, his right to travel had not been impaired.

Tolces now appeals.

### ANALYSIS

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

III. *Neither Tolces's Right to Travel Nor His Right to Equal Protection Has Been Infringed Upon*

■ The main thrust of all of Tolces's scattered claims is that suspending his driver's license for reasons not having to do with safe operation of a motor vehicle somehow infringes upon his constitutional right to travel.

We agree with the trial court that suspension of Tolces's license pursuant to section 11350.6 merely prohibits Tolces from possessing a license to drive, temporarily, and does not infringe upon his right to travel. Suspension of a driver's license, for whatever reason, does not prevent a citizen from traveling wherever and whenever he or she chooses. "It merely limits his options as to his mode of transportation. Thus the right of an individual to operate a private automobile cannot be equated with the fundamental constitutional right of an individual to travel." (*McGue* v. *Sillas* (1978) 82 Cal.App.3d 799, 805 [147 Cal.Rptr. 354].) As stated by the trial court, Tolces's right to travel has not been infringed upon, in that he can still travel as a passenger in a car, bus, or plane.

Furthermore, "[n]either the United States Supreme Court nor [the California Supreme Court] has ever held . . . that the *incidental* impact on travel of a law having a purpose other than restriction of the right to travel, and which does not discriminate among classes of persons by penalizing the exercise by some of the right to travel, is constitutionally impermissible." (*Tobe* v. *City of Santa Ana* (1995) 9 Cal.4th 1069, 1100 [40 Cal.Rptr.2d 402, 892 P.2d

*See footnote, *ante*, page 285.

1145], italics added.) Here, the purpose of section 11350.6 is not to restrict Tolces's right to travel, but rather to enforce his child support order. The support enforcement mechanism has not been discriminatorily applied to him. The impact on his right to travel is minimal and incidental.

## A. Driving a Motor Vehicle Is a Privilege, Not a Right

The true gravamen of Tolces's complaint is not that his right to travel has been infringed upon, but rather that his "right to drive" has been unconstitutionally restricted. We find this contention to be totally lacking in merit. Contrary to Tolces's claim of a *right* to drive, the California Supreme Court has held that driving a motor vehicle on the public highways is a *privilege*. (*Hernandez* v. *Department of Motor Vehicles* (1981) 30 Cal.3d 70, 80-84 [177 Cal.Rptr. 566, 634 P.2d 917].) Furthermore, "[i]t is well established in California that the privileges conferred by a driver's license constitute an important property right [citations], although not so fundamental a right as to trigger a strict scrutiny analysis." (*King* v. *Meese* (1987) 43 Cal.3d 1217, 1228 [240 Cal.Rptr. 829, 743 P.2d 889]; *McGlothlen* v. *Department of Motor Vehicles* (1977) 71 Cal.App.3d 1005, 1021 [140 Cal.Rptr. 168].)

Because driving a motor vehicle is a privilege, it is subject to regulation. "The right to operate [motor vehicles] in public places is not a natural and unrestrained right, but a privilege subject to reasonable regulation, under the police power, in the interest of the public safety and welfare. [Citation.] The power to license imports the further power to withhold or to revoke such license upon noncompliance with prescribed conditions." (*Watson* v. *Division of Motor Vehicles* (1931) 212 Cal. 279, 283 [298 P. 481]; see also *Hernandez* v. *Department of Motor Vehicles, supra,* 30 Cal.3d 70, 74 [Past authorities have "uniformly recognized that the area of driving is particularly appropriate for extensive legislative regulation, and that the state's traditionally broad police power authority to enact any measure which reasonably relates to public health or safety operates with full force in this domain."]; *Johnson* v. *Dept. of Motor Vehicles* (1960) 177 Cal.App.2d 440, 447 [2 Cal.Rptr. 235] ["The Legislature has properly placed within the Motor Vehicle Department the discretion of determining what persons are qualified to receive operator's licenses and of determining what licenses should be revoked. The Legislature has furnished proper guides for the exercise of that discretion."]; *Sleeper* v. *Woodmansee* (1936) 11 Cal.App.2d 595, 599 [54 P.2d 519] ["The license is a mere privilege to drive a motor vehicle, which is subject to revocation for the reasons and in the manner provided by law."].)

## B. Tolces's Equal Protection Rights Have Not Been Violated

Tolces further contends that section 11350.6 violates the equal protection clause. However, he does not articulate a classification to which

equal protection applies. We assume his argument is that the equal protection clause applies under two possible theories. We find that Tolces has failed to establish a violation of equal protection under either theory.

The first theory is that section 11350.6 violates equal protection by applying to a class of people that is too poor to pay court-ordered child support. Tolces claims that he is in this class. However, child support cannot be ordered by the court unless it finds the parent has the ability to pay. (Fam. Code, § 4053.) If Tolces could not pay his child support, his remedy was to get his child support order modified, which he apparently did not do. He cannot use this lawsuit to collaterally attack the child support order.

The second theory is that the suspension of Tolces's driver's license deprives him of his ability to make a living, and therefore causes him to be poor. However, in the same way that section 11350.6 does not infringe upon his right to travel, it does not deprive him of his ability to earn a living. Tolces may be inconvenienced by the suspension of his driver's license; however, he can get to and from work by other means of transportation.

Furthermore, we understand Tolces's contention to be that section 11350.6 has no rational basis. We disagree. ■■ "Unless a statute provokes 'strict judicial scrutiny' because it interferes with a 'fundamental right' or discriminates against a 'suspect class,' it will ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose. [Citations.]" (*Kadrmas* v. *Dickinson Public Schools* (1988) 487 U.S. 450, 457 [108 S.Ct. 2481, 2487, 101 L.Ed.2d 399, 409].)

■■ Here, Tolces has failed to establish that section 11350.6 interferes with any fundamental right, or that it discriminates against a suspect class. Moreover, it is rationally related to a legitimate governmental purpose. The purpose of section 11350.6 is to enforce child support orders. "The obligation of a parent to support a child . . . is among the most fundamental obligations recognized by modern society. The duty is not simply one imposed by statute, but 'rests on fundamental natural laws and has always been recognized by the courts in the absence of any statute declaring it.' [Citation.] It is an obligation that existed under common law [citation] and has long been recognized in a majority of American jurisdictions as not only a moral obligation, but one that is legally enforceable. [Citation.]" (*Moss* v. *Superior Court* (1998) 17 Cal.4th 396, 409-410 [71 Cal.Rptr.2d 215, 950 P.2d 59].)

As discussed above, driving a motor vehicle is a privilege that is subject to regulation. One means of achieving the state's legitimate purpose of enforcing child support orders is by only allowing the privilege of driving a motor

vehicle to those who fulfill their fundamental obligation to pay their child support. Thus, we find that section 11350.6 is rationally related to this legitimate governmental purpose.

Because driving a motor vehicle is a privilege and not a right, we find that Tolces has failed to establish any violation of his constitutional rights due to the suspension of his driver's license.

### DISPOSITION

The judgment is affirmed.

Richli, Acting P. J., and Gaut, J., concurred.